THOMAS BETHEL v. STATE.

167 So. 685.
Division A.
Opinion Filed May 6, 1936.

*George S. Okell,* for Plaintiff in Error;

*Cary D. Landis,* Attorney General, and *Ira A. Hutchison,* Assistant, for the State.

PER CURIAM.—The plaintiff in error was tried and convicted in the Criminal Court of Record in Dade County upon an information charging a serious statutory offense and was sentenced to ten years in the penitentiary. From this judgment he took writ of error.

A number of errors are assigned but only two of them bring into question action of the trial court which was not only erroneous but tended to prejudice the plaintiff in error on the trial of the case.

The case was begun in the morning and at three o'clock in the afternoon the State rested its case. The defendant

made a motion to recess the hearing until the following morning in order to get the defendant's witnesses into court. Counsel for defendant stated that the defendant had received only one day's notice of the trial; that defendant's counsel had personally gone the night before to the homes of the witnesses and that they had promised to be present, but they had not shown up; that the defendant had sent other people out that morning in an attempt to locate these witnesses but that the messengers had returned after dinner and informed counsel that the witnesses had all gone to work that day and could not be located. The said witnesses had been at the prior trial which had resulted in a mistrial, and had testified in support of defendant's alibi, and that, if the court would recess until the next morning it would be possible for the defendant to get subpoenas that afternoon and have the witnesses subpoenaed and present the next morning. The court stated that when the case had been called for trial that morning, counsel for defendant had announced ready for trial and that the motion would therefore be denied.

In spite of the fact that counsel for defendant had announced ready when the case was called for trial in the morning counsel for the defendant was relying on the promises of the witnesses made the night before to be present at the trial and under the circumstances the trial court should have granted the motion. As it was, the defendant, being deprived of the testimony of four witnesses who had testified at the former trial was forced to proceed and submit to the jury only his own testimony to the effect that he was at his home all night on the night in question and that his home was some ten miles or more from the place where the crime was alleged to have been committed.

When the defendant was on the stand, in answer to a question on direct examination as to who else was in the house that night, answered "Ronald Rose—when he give a statement here the last time he told the court he was there that night and he didn't leave the place." He was further asked about several girls at his house that night, and was asked this question as to one of them: "Wasn't she at the hearing the last time" And he answered, "Yes, sir, she got on the stand and give the same statement." Those portions of the answer of these witnesses which were hearsay and improper testimony, were not responsive to the questions asked, and could have been stricken on motion of the county solicitor had he made such motion, but no motion or objection was made. On cross examination, however, the Assistant County Solicitor asked the defendant this question: "You remember your last trial don't you?" Answer, "Yes, Sir." Question. "You remember Shorty testifying don't you?" Answer. "Yes sir." Thereupon counsel for defendant said: "I am going to object to what Shorty said. It is hearsay and the State has the means at hand to produce Shorty and let him tell what he testified." Whereupon the court said: "I think the objection is in order and I am going to rule out everything you have brought out. You have blown hot and blown cold, when you know it is illegal." To this remark of the court counsel for defendant took an exception. Counsel for defendant stated: "I would like to say this: If you will check the record I didn't ask this negro to testify, he testified himself, and Mr. Allen knows the rules of evidence as well as I and he did not object. I object." The court said: "Whether he objects or not that does not permit you to do it." While the court evidently had forgotten that this hearsay testimony had been volunteered by the witness and was not responsive

to the questions asked by counsel for defendant, nevertheless these rather severe strictures upon counsel for defendant made in the presence of the jury, charging him with blowing hot and cold when he knew it was illegal, was prejudicial to the interests of the defendant, as it tended to put defendant's counsel and to some extent the defendant himself, in a bad light before the jury, and without just ground.

The man "Shorty" referred to was one John Hampton who had been informed against jointly with the defendant. At the close of the State's testimony, counsel for the defendant stated to the court, "I would like to ask that the court call as the court's witness, this negro, John Hampton, as I understand he has pleaded guilty to this crime, and I think the court knows he was on the stand before and testified, and the last time the record shows, he was presented by the State, and for some reason or other they do not seem to want to present him. I think we ought to have the benefit of his testimony." This motion was denied and defendant excepted. It was within the discretion of the court to call or not call John Hampton as a court witness, and no reversible error can be predicated on this ruling, as it does not clearly appear that there was any abuse of discretion to the injury of the accused. Buchanan v. State, 95 Fla. 301, 116 So. 275.

In view of the fact that the evidence of the personal identity of the accused as being the man who committed the offense charged was a serious question in the case, the evidence on that point not being as clear and convincing as it is in many cases, the fact that the defendant was deprived of the benefit of the testimony of the several witnesses upon whom he relied to prove his alibi, and the unfortunate remarks of the court above referred to, lead us to the con-

clusion that the errors above pointed out were prejudicial in their nature and that this defendant charged as he is with a very serious offense, should be given another trial.

Reversed and remanded.

WHITFIELD, C. J., and BROWN and DAVIS, J .J., concur.

ELLIS, P. J., and TERRELL, J., concur in the opinion and judgment.

BUFORD, J. dissents.

BUFORD, J. (dissenting).—I am unable to agree that the matters held in the majority opinion to constitute reversible error are such—I find no reversible error disclosed by the record.