CARROLL, Judge.
Appellant was convicted by a jury in the Criminal Court of Record in Dade County of abortion under § 797.01, Fla.Stat., F.S. A., and sentenced to imprisonment for three years. On this appeal, in addition to a question relating to the admissibility of certain evidence which we find is without merit, it is contended on behalf of the appellant that prejudicial error resulted when the trial judge, during the trial and in the presence of the jury, referred to the defendant’s action as being an - abortion, and stated that an abortion had occurred.
The jury was informed by the prosecutor at the outset, and by the trial judge in his charge at the end of the trial, that the defendant was charged with and being tried for abortion. During the trial, on more than one occasion, statements made by the trial judge included a reference to “abortion”.[1] In gauging the effect on the jury of those statements by the judge, it should be noted that the very happening of the occurrence was in dispute, and that the evidence on the issues being tried was in conflict. By thus referring to “abortion”, without qualifying the term, such as by saying the alleged abortion or the supposed or the claimed abortion, the trial judge’s remarks were such as to show or imply he felt the alleged abortion had occurred, and that what had occurred was an abortion. For the reasons set out in the authorities cited below, we conclude that those statements by the court amounted to fundamental error depriving the defendant of a fair trial, and that the interest of justice will best be served by remanding the cause for new trial. See Hamilton v. State, Fla.App.1959, 109 So.2d 422; Kellum v. State, Fla.App.1958, 104 So.2d 99; Raulerson v. State, Fla. 1959, 102 So.2d 281; Lester v. State, 37 Fla. 382, 20 So. 232. Although not objected to at trial, error of this nature is properly reviewable under Rule 6.16a, F.A.R., 31 F.S.A. Ap-pellee’s contention that the word “abortion” is in use to denote a lawful as well as an unlawful termination of pregnancy, if correct, is without merit here, because the term was used in the case repeatedly with reference to the offense involved,[2] and *30 there is no way to know that the jurors did not so regard it as used by the judge. Hamilton v. State, supra. Accordingly, the judgment is reversed and the cause is remanded for new trial.

. “Mr. Wood: If lie wants to examine— ask her about the abortion, anything proper, I won’t object; but ask her what rent she pays on her apartment—
“The Court: I’ll sustain the objection. I think we are getting a little too far. I think you ought to confine yourself around the area where the abortion occurred.
* * * * *
“The Court: I think the only time who she is and everything, unless there’s something legally admissible, would be the area of time right around when the abortion tooh place. That’s all we are really concerned about,” (Emphasis supplied.)

. The word “abortion” in its criminal connotation was mentioned some ten times *30 in the State’s opening statement. The jury was told “the defendant * * * is charged with abortion” and that the charge was titled “Information for Abortion”. The prosecutor further told the jury “the abortion was performed by Dr. Garr.” “The deputy medical examiner * * * will testify * * * that this was an abortion”. “And you’ll hear whether or not it was an abortion from the testimony of that witness (victim) .* * * and others”. During the trial the prosecutor referred to “the charge of abortion we are trying today * * * ” and to an occurrence “after the abortion”.
The victim testified:
“I went for an abortion * * * to have an abortion”. “I heard from several people about Dr. Carr being an abortionist”. “And from this sack he took out of it what he used to cause the abortion”.
Dr. Liedman testified:
“The diagnosis of an incomplete abortion was made * * * my conclusions were those of an incomplete abortion
Dr. Novell, deputy medical examiner, testified:
“For the layman, a miscarriage is a spontaneous event. An abortion is a criminal act”.