OWEN, Judge.
Appellant, an eighteen-year-old high school senior, was charged with the possession of marijuana, found guilty by a jury, and sentenced to two years in the state prison.
Upon a full review of the trial record we conclude that certain comments made by the court in the presence of the jury deprived the appellant of a fair trial, and that the interest of justice will best be served by remanding the cause for a new trial. See Carr v. State, Fla.App.1962, 136 So.2d 28.
Appellant had been driving his car when he was stopped by police officers for a traffic violation. Upon the officers looking into the car, they noted a pipe lying in the middle of the front seat. After examining the pipe, the officers concluded that it had been used for smoking marijuana. Appellant and his passenger, Stephen Waas, were each arrested and charged with a narcotics violation. The state’s case against appellant rested upon the circumstantial evidence of finding the pipe in the vehicle, coupled with evidence of a chemical test having disclosed that the pipe had been used at some time to smoke marijuana. One of the arresting officers, called as a state’s witness, during cross ex- *155 animation was asked about certain statements he had made in the presence of appellant’s parents while at the police station following the arrest. Apparently this line of cross examination was intended to lay a proper predicate to impeach the witness through means of showing prior inconsistent statements although it seems clear that a proper predicate was not laid.
After the state rested, appellant took the stand and testified that the pipe belonged to Stephen Waas; that he, the defendant, did not know that it had been used to smoke marijuana; that he had never smoked the pipe himself nor was it smoked while it was in the car; and that he had never had the pipe in his possession other than to look at it momentarily when Stephen had shown it to him. As a part of the appellant’s case, both his father and mother were called as witnesses to testify as to conversations they had held with the arresting officers at the police station shortly after the appellant had been arrested. Ostensibly this testimony was being elicited for the purpose of impeachment of the police officer who had theretofore testified as a witness for the state. During the examination of appellant’s mother, Mrs. Tyndall, the prosecutor objected to the manner in which defense counsel had framed a question to the witness. The court approved the prosecutor’s suggestion to the effect that defense counsel ask the witness simply to relate what statements had been made to her by the police officer. When the defense counsel followed this course, the witness unfortunately narrated not only the statements made by the police officer, but also statements made by various other persons who were present on that occasion. The prosecutor, 'Mr. Quartel, interposed an objection, in response to which the trial court rebuked defense counsel in language which we quote in the margin.[1]
Assuming (without deciding) that the court ruled correctly on the prosecutor’s objection, the subsequent gratuitous comment by the court which can only be characterized as a tirade against the defense attorney, was a totally unwarranted rebuke and having been made in the presence of the jury, it was highly prejudicial to the defendant’s receiving a fair trial. See Mathews v. State, Fla. 1950, 44 So.2d 664; Bethel v. State, 1936, 123 Fla. 806, 167 So. 685. The trial court’s comment in the instant case is clearly distinguishable from the restrained and dignified language (used to rebuke counsel after repeated admonitions) which we approved in Baisden v. State, Fla.App. 1967, 203 So.2d 194. While the legal sufficiency of the evidence per se is not raised on this appeal, in a close case of this type the trial court’s comments could easily mean the difference between a ver- *156 diet of guilty and one of acquittal, and where there is a doubt as to whether appellant has been prejudiced by a remark of the court, a new trial best serves the ends of justice. See Robinson v. State, Fla.App. 1964, 161 So.2d 578.
The judgment and sentence are severally reversed and this cause is remanded for a new trial.
Reversed and remanded.
McCAIN and REED, JJ., concur.

.
“ME. QUAKTEL: Objection now. We are trying to impeach the police officer on what he said but we can’t impeach him from hearsay, especially from a third party.
“THE COURT: You are correct, sir. Mr. Defense counsel, this is a very important case to the State of Florida. Of course, I realize that it’s important to your client.
“If he is convicted he might get anywhere from probation up to five years. I can’t allow you, sir, to quote get-away-witli murder close quote.
“I’ve extended you every consideration that’s possible and the widest latitude and I can’t go any further and I’m sorry, sir, but the evidence that you are attempting to elicit is simply, blatant, outright outrageous, unadulterated hearsay and it’s illegal.
“It’s inadmissible and I don’t think I have to say anything further along that line. Just don’t persist in the type.
“I have allowed you to call the mother and the father. I don’t know why you want to do it. You know that by previous judgment of the Court that they weren’t going to be allowed to testify as to certain matters but if you call them from the point of view of sympathy, well, fine.
“That’s up to you, if you want the jury to see the mother and the father of this boy, but I’m not going to allow you to go into what you are attempting to go into.
“MR. ISRAEL: I have no further questions.
“THE COURT: And I feel sure that I’m right, sir. I just feel confident that I’m right.”