McCAIN,
Judge (dissenting):
I respectfully dissent for the following reasons.
Defendant, appellant herein, was charged, tried by jury, convicted and duly sentenced for the crime of second degree murder. I would reverse and remand for a new trial.
The reversible error lies in the trial judge’s comments directed to the defense which permeate the record. The trial judge also visited reprimands upon the prosecution during the progress of the trial; however, two wrongs do not make a right.
Typical of the comments alluded to above are the following.
Upon cross-examination of a state’s witness, the trial judge stated to the prosecutor :
“Mr. Futch, why don’t you object on the grounds that he is exceeding the scope of direct examination.”
A deputy sheriff while testifying for the state referred to the defendant as a fugitive from justice. Upon objection by the defense, and before the jury, the trial judge commented:
“Now, the only reason I have at this time, inasmuch as based upon that there was a so-called fugitive warrant issued by the Federal Bureau of Investigation, on unlawful flight to avoid prosecution, and if that’s not the case, then — ”
When the defense advised the court that it was not aware of any fugitive status, the trial judge commented that he did not “know either because he was in the dark about that as much as anybody else is, but this makes no difference under what authorities they had to arrest this Defendant if in fact they did arrest him, * *
While another state’s witness was under cross-examination, the state objected to a question. Thereupon, jury present, the trial judge stated:
“Mr. Futch, I don’t know why the objection. He is corroborating everything she testified to.” (Referring to another state witness.)
Upon objection by defense counsel to the trial judge’s comment concerning corroboration the judge stated: “Well, so far.”
When defendant was testifying on cross-examination, defense counsel objected to certain questions on grounds of their repetitive nature. The trial judge commented :
“Let me say this. I can understand Mr. Futch asking him because this witness rarely answers the question.”
The defense remonstrated and the court curtly replied:
“THE COURT: I am just saying I can understand Mr. Futch having to ask him because frequently, it has been the *203 court’s observation that he doesn’t answer the questions asked.”
Again, while defendant was being cross-examined and upon objection by his counsel, the trial judge commented:
“In the words of Shakespeare, a rose by any other name, which smell as sweet —Mr. Varón, somebody is not telling the truth and Mr. Futch has a right to inquire into it, just as he has done.”
A review of the entire transcript of the trial compels me to conclude that a new trial is proper.
Gratuitous comments from the bench directed to the defense, made in the presence of a jury, may be highly prejudicial to the defendant receiving a fair trial. Mathews v. State, Fla.1950, 44 So.2d 664; Bethel v. State, 1936, 123 Fla. 806, 167 So. 685.
The court’s comments sub judice cannot be equated with those of a restrained and dignified nature as used in Baisden v. State, Fla.App.1967, 203 So.2d 194.
When remarks of the trial judge exceed the bounds of neutrality and impartiality, then the trial is rendered unfair. Williams v. State, Fla.1962, 143 So.2d 484; Robinson v. State, Fla.App.1964, 161 So.2d 578; Hamilton v. State, Fla.App.1959, 109 So.2d 422; State ex rel. Arnold v. Revels, Fla.App.1959, 113 So.2d 218; Raulerson v. State, Fla.1958, 102 So.2d 281; Carr v. State, Fla.App.1962, 136 So.2d 28; Bethel v. State, supra; and Lester v. State, 1896, 37 Fla. 382, 20 So. 232. A judge’s role in a jury trial is such that his comments are of more importance than those of the litigants and witnesses, and remarks by a judge tending to exhibit a view favorable to one side or the other impairs the neutrality of a trial to which all parties are entitled.
Thus, where there is considerable question of substantial prejudice to the defendant, as in this case, the ends of justice are best served by a new trial. Robinson v. State, supra.
In view of my ultimate conclusion that a new trial should be had, I do not deem it necessary to treat appellant’s remaining points on appeal, nor do I do so.
Accordingly, I would reverse the judgment and sentence appealed from and remand this cause for a new trial.