314 So.2d 174 (1975)
George Jacob HUNTER, Jr., Appellant,
v.
STATE of Florida, Appellee.
No. 74-1515.
District Court of Appeal of Florida, Fourth District.
June 13, 1975.
Warner S. Olds, Public Defender, and William W. Herring, Asst. Public Defender, 17th Judicial Circuit, Fort Lauderdale, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and Robert B. Breisblatt, Asst. Atty. Gen., West Palm Beach, for appellee.
PER CURIAM.
Upon a review of the record on appeal, the briefs and having heard oral argument, we are of the opinion that no reversible error has been clearly demonstrated. In particular, several of the matters assigned as error were not objected to below and were not error of a fundamental nature so as to create an exception to this requirement.
It should be observed, however, that this affirmance should not be construed as a judicial stamp of approval of the procedures utilized by the trial judge in the voir dire examination of prospective jurors and the remarks of the court to or concerning counsel. While it may be helpful for the trial judge to assume an informal posture in his questioning of the jurors as to their understanding of the law, extreme care must be exercised to insure that this informality does not result in creating an atmosphere where the absolute impartiality and neutrality of the court is jeopardized.
The single most dominant factor in the administration of a trial is the conduct of the judge; the manner in which he exercises control over such proceedings is reflected through his remarks and comments. Guiding a trial is a constant challenge to the ability and integrity of the trial judge; it is a task, the difficulty of which is too often taken for granted. Invariably *175 there may be instances where conduct of counsel is such as to try the patience of the court. The trial judge must be equal to the task; and should endeavor to avoid the type of comment or remark that might result in inhibiting counsel from giving full representation to his client or that might result in bringing counsel into disfavor before the jury at the expense of the client.
We recognize that, perhaps, our remarks are more easily said than done; and that with respect to the instant proceeding our analysis of the "cold-typed transcript" may not accurately reflect the tone and tenor of the conduct and remarks of either the court, the jurors, counsel or witnesses. Nonetheless, the record of the instant proceeding does suggest the necessity for us to re-examine and re-state several basic principles for the future guidance of the court in order to insure achieving the desirable goal  a fair and impartial trial.
Affirmed.
OWEN, C.J., and MAGER and DOWNEY, JJ., concur.