PER CURIAM.
In this habeas corpus proceeding petitioner was allowed delayed appellate review as authorized by Hollingshead v. Wainwright, 194 So.2d 577 (Fla.1967). Two points have been presented by petitioner.
In Case No. 74-835, petitioner in a two count information was charged with possession and sale of cocaine on March 12, 1974. A trial was held and the jury returned a verdict of guilty as charged. Petitioner was adjudged guilty and sentenced to a term of fifteen years with credit for time served. The sole issue raised by this conviction is whether the trial court erred in limiting defendant’s cross-examination of the state witness who allegedly purchased the cocaine from petitioner and who, between the date of the alleged sale and its prosecution, was himself charged with a crime of robbery which was pending at the time he was called by the State to testify against petitioner. The facts of this case are almost exactly the same as those in Lee v. State, 318 So.2d 431 (Fla. 4th DCA 1975). In fact, the informer in the present case and the informer in Lee v. State were one and the same person. The facts of the present case cannot be materially distinguished from Lee v. State, and for the reasons set out therein we reverse and remand for a new trial in Case No. 74-835. See also Fulton v. State, 335 So.2d 280 (Fla.1976); Morrell v. State, 297 So.2d 579 (Fla. 1st DCA 1974).
In Case No. 74-836, petitioner in a two count information was charged with possession and sale of cocaine on March 7, 1974. Immediately after his conviction in Case No. 74 — 835, petitioner asked to withdraw his previous plea of not guilty in Case No. 74-836 and to be allowed to enter a plea of guilty. As part of the plea bargain the State agreed to dismiss another pending drug case against the defendant, Case No. 74-440. Further, it was agreed that any sentence in Case No. 74-836 would run concurrently with the sentence imposed in Case No. 74-835. Petitioner contends that the trial court erred in accepting his guilty plea in Case No. 74r-836. He alleges that the plea was not freely and voluntarily given due to the fact that he had been convicted of possession and sale of cocaine in Case No. 74-835 only fifteen minutes earlier. We have reviewed the transcript of the plea conference before the trial judge and conclude that there is no merit to this contention. Petitioner was fully informed of his rights, was represented by counsel, and freely and voluntarily entered a plea of guilty. Having found no error, we affirm petitioner’s adjudication of guilt and sentence in Case No. 74-836.
MAGER, C. J., ALDERMAN, J., and STOKES, ROBERT G., Associate Judge, concur.