357 So.2d 457 (1978)
Cindy KEANE, Appellant,
v.
STATE of Florida, Appellee.
George Robert DEVINE, Appellant,
v.
STATE of Florida, Appellee.
Nos. 76-2701 and 77-18.
District Court of Appeal of Florida, Fourth District.
April 4, 1978.
*458 Richard L. Jorandby, Public Defender, and Jerry L. Schwarz, Asst. Public Defender, West Palm Beach, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and Benedict P. Kuehne, Asst. Atty. Gen., West Palm Beach, for appellee.
ALDERMAN, Chief Judge.
The defendants were convicted of robbery. They appeal and raise several points, two of which require reversal.
Firstly, we hold that the trial court erred in refusing to allow the defendants to cross-examine the alleged victim as to a pending criminal charge against him to which he had pleaded guilty. When a prosecution witness is under criminal charges at the time he testifies, the defense is entitled to bring this fact out. Blanco v. State, 353 So.2d 602 (Fla. 3d DCA 1977); Redden v. Wainwright, 340 So.2d 1187 (Fla. 4th DCA 1976); Fulton v. State, 335 So.2d 280 (Fla. 1976); Morrell v. State, 297 So.2d 579 (Fla. 1st DCA 1974).
Secondly, we concluded that the comments and repeated interjections by the trial court during the course of the trial deprived the defendants of a fair trial. No purpose would be served in setting out the numerous gratuitous comments and interjections by the trial judge during the course of the trial. This court's admonition in Hunter v. State, 314 So.2d 174 (Fla. 4th DCA 1975), is applicable to the present case.
REVERSED and REMANDED for a new trial.
CROSS, J., and DURANT, N. JOSEPH, Jr., Associate Judge, concur.