362 So.2d 437 (1978)
Sylvester BROWN, Appellant,
v.
STATE of Florida, Appellee.
No. 76-1216.
District Court of Appeal of Florida, Fourth District.
September 6, 1978.
Richard L. Jorandby, Public Defender, Laurie Sistrunk and Marc Kirk, Asst. Public Defenders, West Palm Beach, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, Anthony J. Golden and Charles Stampelos, *438 Asst. Attys. Gen., West Palm Beach, for appellee.
DOWNEY, Chief Judge.
Appellant, Sylvester Brown, was indicted for involuntary sexual battery upon a female person under the age of eleven years. A jury found appellant guilty of the lesser included offense of injuring the sexual organs of a person under the age of eleven years in an attempt to commit sexual battery.
Debra Harris, age ten, testified at trial that on July 7th, 1975, Sylvester Brown had sexually penetrated her on two occasions in her mother's home. The child's testimony was strongly corroborated by her mother, Clara Nell Harris, who testified at length without objection about the sexual orgy which Sylvester put Clara through before he molested Debra. Summarized, Clara testified that Sylvester had been her boy friend and had lived with her for a period of time, but they had broken up some four months prior to July 1975. On July 7th Clara accompanied Sylvester to a neighbor's house where he forced her to drink some whiskey. She eventually left and he followed her out and took her in his car to an orange grove in Winter Park where he forced her to have intercourse with him. They then returned to Clara's apartment where he forced his way in, undressed Clara and proceeded to indulge in various forms of sexual activity with Clara. After an hour or so with Clara, Sylvester called Debra into Clara's bedroom where he engaged in intercourse alternately with Clara and Debra. Eventually, Debra went back to her bedroom and Sylvester again forced Clara to perform various sexual acts. Clara says she eventually passed out, probably from the drinks Sylvester had forced her to consume. When Clara revived Sylvester was just returning from another attack on Debra. He had additional sexual relations with Clara and then fell asleep.
Sylvester's account of the evening was somewhat different. Sylvester testified that as he was leaving a gas station Clara pulled up behind him and asked him to work on her car, which he did. He and Clara had a few drinks from a bottle in his car during the course of which Clara asked him to move back into her house. When they returned to Clara's house she invited him in and they watched television for awhile before he fell asleep. The next thing he remembered was being naked in Clara's bed and being awakened by the police. Sylvester's explanation was that when living with Clara he would often fall asleep fully clothed and she would undress him and get him to bed. Sylvester denied having any sexual relations that evening with either Clara or Debra.
Counsel for Sylvester attempted to attack Clara's credibility by showing the stormy past relationship between Clara and Sylvester, but the court sustained the State's repeated objections to such inquiry. We think this was reversible error in this case because Clara's bizarre account of the evening, which consumed an extraordinary amount of the trial, so damned Sylvester that, if the jury believed Clara's story, guilt was clear. Stripped of his right to try and impeach Clara's testimony, Sylvester was virtually defenseless.
In addition to the attempt to discredit Clara's story by showing her bias or animus, appellant also attempted to cross-examine the medical examiner, a witness for the State, regarding his examination of Clara and Debra on the night in question. The record reflects that both Clara and Debra were taken to the hospital for examination in the early morning of July 8th. The court sustained objections to this inquiry also on the grounds of immateriality and because it exceeded the inquiry on direct examination which the State expressly restricted to the medical examination of Debra. The ruling that the questions were beyond the scope of the direct examination is no doubt correct and appellant should have called the medical examiner in his own case in chief if the evidence would have helped his case. However, it serves once again to point up the impact and importance of Clara's testimony.
*439 All witnesses are subject to cross examination for the purpose of discrediting them by showing bias, prejudice or interest. Davis v. Ivey, 93 Fla. 387, 112 So. 264 (1927); McDuffie v. State, 341 So.2d 840 (Fla. 2nd DCA 1977); Webb v. State, 336 So.2d 416 (Fla. 2nd DCA 1976). Thus, the proposed cross-examination of Clara was proper and its refusal was prejudicial to appellant.
Appellee contends that appellant cannot rely on the exclusion of the proposed cross-examination of Clara as error because appellant failed to make a proffer of the evidence. We concede that good trial practice would suggest a proffer be made in this situation so as to demonstrate beyond per-adventure of doubt that the evidence sought to be elicited would further the proponent's case. However, the rule in this jurisdiction is found in Boykin v. State, 40 Fla. 484, 24 So. 141 (1898), to the effect that:
"It is the duty of a party appealing to an appellate court to make the errors apparent of which he complains; and where, in the examination of witnesses on the trial, any of his questions have been excluded on objection, and such questions do not in and of themselves indicate whether the answers thereto will be material or pertinent evidence or not, it is his duty, in order to have the rulings thereon reviewed on appeal, to make an offer at the trial of what he proposes to elicit or prove by such questions, so that both the trial and appellate court can determine whether the proposed evidence is material or not; otherwise, he fails to make his alleged error to appear, and the appellate court will so declare."
See also McCall v. State, 55 Fla. 108, 46 So. 321 (1908); Kelly v. State, 55 Fla. 51, 45 So. 990 (1908); Starke v. State, 49 Fla. 41, 37 So. 850 (1905).
In the case at bar it was quite obvious from counsel's questions that he was laying a foundation to impeach Clara's credibility and thus a proffer, though desirable, was not necessary to preserve the point for appellate review.
In view of the foregoing, we believe appellant is entitled to a new trial.
REVERSED AND REMANDED FOR A NEW TRIAL.
ANSTEAD and LETTS, JJ., concur.