385 So.2d 132 (1980)
Doyle Harold JONES, Appellant,
v.
STATE of Florida, Appellee.
No. 79-108.
District Court of Appeal of Florida, Fourth District.
June 18, 1980.
G. Russell Petersen, Vero Beach, for appellant.
Jim Smith, Atty. Gen., and John D. Cecilian, Asst. Atty. Gen., Tallahassee, for appellee.
MOORE, Judge.
The defendant appeals convictions for possession and delivery of cocaine. He contends, in part, that the trial court erroneously limited cross-examination of the prosecution's chief witness and improperly rebuked defense counsel in the presence of the jury. We reverse.
This case involved the controlled purchase of cocaine from the appellant by a police informant, Billy Duane Rowley, Jr. Although Mr. Rowley was wired with a listening device during the cocaine purchase, that device unfortunately failed to operate and *133 the purchase was not recorded. No one else observed the transaction. Thus, Mr. Rowley's testimony was the key to the State's case which made his credibility extremely important.
During cross-examination of Mr. Rowley, defense counsel asked, "Now, isn't it true that you told Bill Gammill, the owner of G & H Seafood [Mr. Rowley's employer] in and about October or November of 1977, that you were going to have Harold Jones [the defendant] killed?" The State objected to this question as being outside the scope of direct examination. The court sustained the objection, even though defense counsel pointed out to the court that he was pursuing this line of questioning to impeach Mr. Rowley's prior testimony that he did not have a grudge against the defendant.
We recognize the discretion normally accorded the trial court concerning the scope of cross-examination. However, we believe that the trial court clearly abused its discretion in the instant case. All witnesses are subject to cross-examination for the purpose of discrediting them by showing bias, prejudice or interest. Davis v. Ivey, 93 Fla. 387, 112 So. 264 (1927); Brown v. State, 362 So.2d 437 (Fla. 4th DCA 1978); McDuffie v. State, 341 So.2d 840 (Fla. 2d DCA 1977); Webb v. State, 336 So.2d 416 (Fla.2d DCA 1976). This is especially so where a key state witness is being cross-examined. We find that the proposed cross-examination of Mr. Rowley was proper and its refusal was prejudicial to the appellant. See Brown, supra.
Our decision to reverse this case is further buttressed by our finding that the trial court abused its discretion in rebuking defense counsel in the presence of the jury. The record reflects that defense counsel, Mr. Petersen, was questioning a witness on direct examination when the following exchange occurred:
THE COURT: Well, let me say this. Mr. Petersen, some of these questions you're asking are argumentative.
MR. PETERSEN: Yes, sir.
THE COURT: And you can't argue with your own witness. You can't 
MR. PETERSEN: Your Honor, he's a hostile 
THE COURT: Just a minute. Don't interrupt me. The next time you do that it's going to cost you. You understand?
MR. PETERSEN: Yes, sir.
THE COURT: Get your foot off the Bench. Stand up there like you know what you're doing.
The court then instructed defense counsel to avoid argumentative questions and to move on. Defense counsel continued to question the witness when, without objection from the prosecutor, the court interrupted:
THE COURT: Mr. Petersen, Babu Thomas is not a fingerprint man. Now, you know that.
MR. PETERSEN: That's why I wondered why he turned fingerprints over to Babu Thomas.
THE COURT: He didn't turn fingerprints over to Babu Thomas. He turned over a package. Now, get on the ball.
MR. PETERSEN: Now, his testimony on direct, Your Honor 
THE COURT: You're being misleading.
MR. PETERSEN:  was that they had prints taken from the plastic bag.
THE COURT: Don't argue with me, sir.
MR. PETERSEN: All right.
BY MR. PETERSEN:
Q. Detective Cheaves, did you have the prints lifted off the plastic bag that was turned over to Babu Thomas?
A. No.
Q. You didn't at all?
A. No.
THE COURT: He's answered that question.
BY MR. PETERSEN:
Q. Neither did Denny Holerger?
THE COURT: You keep on and I'm going to have to take care of you, sir. Now, he's answered your question. He's said no. Don't have him repeat it. Now, move.
Defense counsel then moved for a mistrial, which the court denied.
*134 Initially, we point out there are occasions where there is no error in rebuking defense counsel in the presence of the jury. See, Baisden v. State, 203 So.2d 194 (Fla. 4th DCA 1967); Paramore v. State, 229 So.2d 855 (Fla. 1969). However, the better practice is to require the retirement of the jury before rebuking counsel. Paramore, supra.
We wholeheartedly agree with the statement made by this Court in Hunter v. State, 314 So.2d 174, 174-175 (Fla. 4th DCA 1975):
Guiding a trial is a constant challenge to the ability and integrity of the trial judge; it is a task, the difficulty of which is too often taken for granted. Invariably there may be instances where conduct of counsel is such as to try the patience of the court. The trial court must be equal to the task; and should endeavor to avoid the type of comment or remark that might result in inhibiting counsel from giving full representation to his client or that might result in bringing counsel into disfavor before the jury at the expense of the client.
We appreciate the strain under which the trial judge was compelled, by defense counsel's conduct, to preside over this trial. Nevertheless, we can not condone his manifestation of that strain in the presence of the jury. Our review of the complete record in this case indicates anything but an impartial atmosphere in which the defendant received a fair trial. As was indicated in Hunter, supra, defense counsel's conduct should not be visited upon the defendant to the extent that his fundamental right to a fair trial is abridged.
Accordingly, appellant's judgment and sentence are reversed and this cause is remanded for a new trial.
REVERSED and REMANDED.
BERANEK and HURLEY, JJ., concur.