510 So.2d 1253 (1987)
Raymond WILKERSON, Appellant,
v.
STATE of Florida, Appellee.
No. BM-314.
District Court of Appeal of Florida, First District.
August 19, 1987.
Michael E. Allen, Public Defender, Glenna Joyce Reeves, Asst. Public Defender, Tallahassee, for appellant.
Jim Smith, Atty. Gen., John M. Koenig, Jr., Asst. Atty. Gen., Tallahassee, for appellee.
SHIVERS, Judge.
Wilkerson appeals from the jury's verdict finding him guilty on two counts of aggravated *1254 assault with a deadly weapon. Although Wilkerson raises two issues in his appeal, we discuss only the second one, which concerns whether the trial court, in making repeated derogatory comments toward Wilkerson's attorney, deprived him of a fundamentally fair trial. Because we answer that question in the affirmative and find Wilkerson is entitled to a new trial, it is unnecessary for us to resolve the first point of error.
Wilkerson was charged with two counts of assault with a deadly weapon. His charges stemmed from a confrontation he had with three young women on July 17, 1985. The women were spending an afternoon at the Starke Recreational Center when they observed four or five men in a truck drive past them. One of the women allegedly made an obscene gesture toward the truck which prompted the driver to stop. Wilkerson exited the truck, pulled out a knife, and approached the young woman. Wilkerson was later arrested, and a search revealed he had been carrying a small pocket knife.
Wilkerson was tried by a jury on three counts of assault with a deadly weapon. As Wilkerson's trial progressed, the trial court judge made a number of remarks directed toward Wilkerson's attorney. These remarks included: (1) openly telling Wilkerson's attorney during voir dire that his questions were immaterial and a waste of time; (2) telling Wilkerson's attorney in the presence of the jury to "sit down if that's all you've got to say other than that" after faulting his method of impeaching a witness; (3) after later attempting to impeach the same witness, instructing Wilkerson's attorney, again in the presence of the jury, to "come up here and you show it [the deposition] to me because I can't trust you down there"; (4) telling Wilkerson's attorney that one of the questions he proposed to put to a witness "hasn't got anything to do with any of the testimony, hasn't got anything to do with proper cross and doesn't have anything to do with impeachment"; (5) informing Wilkerson's attorney upon being denied a request to recall a witness for direct examination that "this is [the] law and not moot court." At several points in the trial, Wilkerson's attorney moved for a mistrial or, in the alternative, to have the judge recuse himself, but these requests were denied. Wilkerson was found guilty of two counts of assault with a deadly weapon.
Although the trial court possesses wide discretion in governing the conduct of counsel at trial, see generally 75 Am.Jur.2d Trial § 118 (1974), that discretion is not limitless. Florida courts have recognized that there are occasions when there is no error in rebuking defense counsel in the presence of the jury; however, the better practice is to require the jury's retirement before doing so. See Jones v. State, 385 So.2d 132 (Fla. 4th DCA 1980). Here, the trial court's charges were made in the presence of the jury, and under the rationale expressed in several relevant decisions, this worked to deny Wilkerson a fair and impartial trial.
Florida appellate decisions are in agreement that a trial judge abuses his discretion when his rebukes so severely call into question an attorney's level of advocacy and sense of fairness that the attorney's client is unjustly prejudiced. Whenever this occurs, the judge effectively visits his attitudes on the defendant. In Jones v. State, supra, the Fourth District Court of Appeal held that a defendant's trial had not been conducted in an impartial atmosphere because, among other reasons, of the trial court's derisive remarks toward defense counsel in the presence of the jury. Some of the trial judge's remarks which the Fourth District Court of Appeal considered included: (1) pedantically informing defense counsel that he could not argue with his own witness; (2) accusing counsel of being misleading; (3) threatening to "take care" of defense counsel if he didn't halt a certain line of questioning he had been pursuing. The court held that, based on the foregoing remarks, the trial court *1255 abused its discretion in rebuking defense counsel in the presence of the jury. Similarly, in Keane v. State, 357 So.2d 457 (Fla. 4th DCA 1978), the 4th DCA found that numerous gratuitous comments and interjections by the trial judge during course of trial deprived the defendant in that case of a fair trial. See also Tyndall v. State, 234 So.2d 154 (Fla. 4th DCA 1970) (commentary of trial court amounted to tirade against defense counsel and deprived defendant of fair trial where trial court judge stated, inter alia, that evidence which counsel attempted to elicit was "blatant, outrageous, unadulterated hearsay, and it's illegal"); and Skelton v. Beall, 133 So.2d 477 (Fla. 3d DCA 1961) (action of trial judge in sustaining objection to defense counsel's argument, which was apparently made in good faith, and accusing defense counsel of extreme unfairness and threatening him with contempt, required granting of new trial).
As we have already reflected in our exposition of the facts of this case, the trial court made many abusive comments about Wilkerson's attorney in the presence of the jury. The Second District Court of Appeal in Giglio v. Valdez, 114 So.2d 305 (Fla. 4th DCA 1959), correctly summarized the effect of such comments:
When the trial gets out of bounds, or when the judge demonstrates his ill feeling and animosity toward one of the lawyers, it is not the lawyer who suffers, rather it is the client who is being deprived of the highest level of justice that is the handiwork of a fair, temperate and impartial mediator in the judge's chair. (citations omitted)
It is difficult to see how Wilkerson could not have been prejudiced by the unremitting browbeating his attorney endured before the trial judge. The trial judge helps guide the trial and although he may be tempted to become impatient with counsel he must resist this impulse. See Hunter v. State, 314 So.2d 174 (Fla. 4th DCA 1975). Consequently, the trial judge should avoid the type of comment which would result in prohibiting counsel from giving full representation to his client or which might bring counsel to disfavor before the jury at the expense of the client. Id. at 175. The trial court judge's remarks in the case at bar engendered the occurrence of both these results, and Wilkerson is therefore entitled to a new trial.
REVERSED.
THOMPSON and NIMMONS, JJ., concur.