PARKER, Acting Chief Judge.
Jerome Grant appeals his convictions for driving with a suspended license, driving with an expired tag, possession of cocaine, and possession of cannabis.[1] We affirm.
Of the four issues in this appeal, we affirm three without comment. The fourth issue challenges the propriety of the judge’s conduct during the jury trial. At trial, the judge interrupted defense counsel’s cross-examination of a law enforcement officer despite the fact that opposing counsel was not objecting to the examination. Grant urges this court to find that the judge’s conduct deprived him of due process of law by denying him a neutral and detached magistrate. Although we do not endorse the actions of the trial judge, we find that no reversible error occurred in this case.
Grant argues that Sparks v. State, 740 So.2d 33 (Fla. 1st DCA), review denied, 741 So.2d 1137 (Fla.1999), requires a finding that constitutional fundamental error occurred in the present case. In Sparks, the trial judge called the attorneys to the bench during the State’s cross-examination of the defendant and pointed out evidence in an affidavit of insolvency contained in the court file that was contrary to the defendant’s testimony. Id. at 34-35. The judge subsequently permitted the State to use the document to impeach the defendant’s testimony. On motion of the court, the judge then asked if there was any objection to the entry of the affidavit of insolvency into evidence. Id. at 35.
Sparks is inapplicable to the present case because the trial judge in Sparks clearly overstepped proper bounds by actively assisting the prosecutor in presenting the State’s case regarding evidence on the core issue of the defendant’s credibility. Under the circumstances in Sparks, the appellate court could not determine if *806 the error was harmless. Id. at 37. In the present case, we conclude that there may have been error, but the error was not sufficient to require reversal.
During cross-examination of the arresting officer in this case, defense counsel sought to establish that the officer wrote an arrest affidavit and followed up by writing a report on another day. Following an objection by the State, the trial judge directly questioned the officer about the report, and, at a bench conference, told defense counsel that the matter was being belabored. When defense counsel asserted that the trial judge appeared to be getting upset with her, the trial judge replied that defense counsel was creating the problem.
Shortly thereafter, when defense counsel attempted to question the officer concerning a vehicle’s ownership, the trial judge again posed questions directly to the officer. When defense counsel attempted to ask the officer whether the officer pulled off a boulevard into a driveway and went behind a section of pumps, the trial judge interrupted and stated, “What difference would it make where he pulled in? There is no testimony going with that. He made eye contact after he parked.”
Although the trial judge’s interruptions were not as egregious as the actions of the trial judge in Sparks, they were clearly improper. While the concurring opinion concludes that the trial judge prevented the introduction of irrelevant evidence and curtailed the introduction of repetitious and confusing evidence, our review of the record does not permit us to join in that assessment of the trial judge’s activity. However, we agree that the interruptions did not deprive the defense of full cross-examination of the witness.
We remind trial judges that every litigant is entitled to nothing less than the cold neutrality of an impartial judge, and the judge must leave that impression of impartiality upon all those who attend court. See Love v. State, 569 So.2d 807, 809-10 (Fla. 1st DCA 1990). Even, as here, when the trial judge was faced with an assistant state attorney who was not objecting to opposing counsel’s questions, that judge must be cautious in cutting off counsel’s questions and interjecting his own questions to a witness.
Affirmed.
BLUE, J., Concurs.
SALCINES, J., Concurs specially.

. Grant was also simultaneously tried, on three violations of probation as a result of these offenses but raises no issue in regard to that aspect of the proceeding.