837 So.2d 1167 (2003)
Hank MATHEW, Appellant,
v.
STATE of Florida, Appellee.
No. 4D00-3084.
District Court of Appeal of Florida, Fourth District.
February 26, 2003.
*1168 Carey Haughwout, Public Defender, and Marcy K. Allen, Assistant Public Defender, West Palm Beach, for appellant.
Charlie Crist, Attorney General, Tallahassee, and Frank J. Ingrassia, Assistant Attorney General, Fort Lauderdale, for appellee.
LEVIN, STEVEN J., Associate Judge.
Appellant, Hank Mathew, was convicted of false imprisonment, assault, and battery. Although Appellant has raised some six issues on appeal, we write to address only twohis claim that the trial judge abandoned his role of neutrality and so actively participated in the case that Appellant was denied a fair trial and his claim that the use of the domestic violence multiplier in sentencing was improper absent a jury finding that the domestic violence was committed in the presence of their child. We affirm the convictions, but reverse for resentencing without the use of the multiplier based upon Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000).
The evidence presented by the State established that Appellant and the victim had known one another for nearly seven years, were living together, and had a three-year-old daughter. Shortly before the incident which resulted in the criminal charges against him, Appellant showed up at the victim's work place angry because the victim had seen him with another woman. As a result, the victim did not go home that night. Two days later, Appellant again angrily confronted the victim; this time, she obtained a restraining order and changed the locks to their apartment. Soon thereafter, the victim went to the apartment with the restraining order, a grocery bag, and the "911 telephone" given to her by a victims' advocate group. Appellant, who was in the apartment with a firearm, proceeded to hit the victim and threatened to kill her. The couple's child was present throughout the incident. The victim seized an opportunity to run out of the apartment and spent the next two to three weeks at a shelter. Appellant continued to page the victim at the shelter and told her that he knew the location of the shelter, threatening to harm her if she did not return home. Believing Appellant's threats, the victim left the shelter and returned to the apartment. Appellant once again encountered the victim and ordered her into his car. The car was subsequently stopped and Appellant was arrested.
For his part, Appellant asserted that the events testified to by the victim never happened and that she fabricated the story because he had left her for another woman. Appellant admitted going to the apartment to pick up their daughter, but denied that he ever laid a hand on the victim. As for his contact with the victim after the incident, Appellant stated that she called him and asked him to pick her up from the shelter. On the day that Appellant was arrested, Appellant stated that the victim was not in the car against her will.
The jury convicted Appellant of false imprisonment, a lesser-included offense of the charged offense of kidnaping with a firearm; assault, a lesser-included *1169 offense of the charged offense of aggravated assault with a firearm; and battery. Although we affirm the convictions, the trial court's actions warrant discussion.
It is the established law of this State that every litigant, ..., is entitled to nothing less than the cold neutrality of an impartial judge. It is the duty of the court to scrupulously guard this right of the litigant and to refrain from attempting to exercise jurisdiction in any manner where his qualification to do so is seriously brought into question. The exercise of any other policy tends to discredit and place the judiciary in a compromising attitude which is bad for the administration of justice.
State v. Steele, 348 So.2d 398, 401 (Fla. 3d DCA 1977).
During opening statement, direct examination, cross examination and closing argument, the trial judge repeatedly, and without objection, commented that he believed defense counsel's actions were improper. The court refused to allow defense counsel to have a side bar as to objections and even made a reference in front of the jury that the trial was "starting to sound like Jerry Springer." The court, without objection, interrupted defense counsel's closing argument to inform defense counsel that the court believed defense's argument was "inappropriate." In addition, the trial court attempted to tell the prosecutor, in detail, what questions to ask in order to satisfy the "excited utterance" exception to hearsay.
Florida's case law leaves little doubt that the remarks of which Appellant complains either should not have been made at all, i.e., the "Jerry Springer" comment, or should not have been made in the presence of the jury. For instance, in Jones v. State, 385 So.2d 132 (Fla. 4th DCA 1980), the judge made the following remarks to defense counsel in the presence of the jury:
THE COURT: Well, let me say this. Mr. Petersen, some of these questions you're asking are argumentative.
MR. PETERSEN: Yes, sir.
THE COURT: And you can't argue with your own witness. You can't
MR. PETERSEN: Your Honor, he's a hostile
THE COURT: Just a minute. Don't interrupt me. The next time you do that it's going to cost you. You understand?
MR. PETERSEN: Yes, sir.
THE COURT: Get your foot off the Bench. Stand up there like you know what you're doing.
385 So.2d at 133. "The court then instructed defense counsel to avoid argumentative questions and to move on." Id. Defense counsel continued to question the witness when, without an objection from the prosecutor, the court interrupted counsel to interject that the court believed that counsel was "being misleading." Id.
This court acknowledged that reprimanding counsel in the presence of the jury was not always error, but held that the judge's remarks went too far.
Guiding a trial is a constant challenge to the ability and integrity of the trial judge; it is a task, the difficulty of which is too often taken for granted. Invariably there may be instances where conduct of counsel is such as to try the patience of the court. The trial court must be equal to the task; and should endeavor to avoid the type of comment or remark that might result in inhibiting counsel from giving full representation to his client or that might result in bringing counsel into disfavor before the jury at the expense of the client.
We appreciate the strain under which the trial judge was compelled, by defense *1170 counsel's conduct, to preside over this trial. Nevertheless, we cannot condone his manifestation of that strain in the presence of the jury. Our review of the complete record in this case indicates anything but an impartial atmosphere in which the defendant received a fair trial. As was indicated in Hunter, supra, defense counsel's conduct should not be visited upon the defendant to the extent that his fundamental right to a fair trial is abridged.
Id. at 134 (quoting Hunter v. State, 314 So.2d 174, 174-75 (Fla. 4th DCA 1975)); see also Simmons v. State, 803 So.2d 787, 788 (Fla. 1st DCA 2001)(reversing conviction for aggravated assault where the prosecutor ridiculed the defense, stating that "according to the defense, no crime occurred here because [the victim] said it was a butcher knife and [the eyewitness] said it was a steak knife," and the judge, in overruling defense counsel's objection that this was a mischaracterization of evidence, stated "[i]t is accurate and dead on point. Sit down, Mr. Boothe."). But see Grant v. State, 764 So.2d 804, 806 (Fla. 2d DCA 2000)(holding that judge's interruption of defense counsel to directly question officer about his report and a vehicle's ownership and judge's statement to the effect that defense counsel's subsequent question was "irrelevant" did not deprive defendant of fair trial and require reversal of convictions).
Appellant, in the case at bar, did not properly preserve this issue. For the most part, the remarks of which Appellant complains were not objected to at all. In the instances where defense counsel did make an objection, the objection was not that the judge was improperly demeaning counsel or Appellant in the presence of the jury or had abandoned his role of neutralitythe claim that Appellant makes in this appeal. See Jones v. State, 582 So.2d 110, 111 (Fla. 3d DCA 1991)(stating that "in order to preserve for appellate review alleged improprieties of a trial judge, an objection must be made contemporaneously with the prejudicial conduct or comments"); see also Pope v. Wainwright, 496 So.2d 798, 801 (Fla.1986). As the record is void of any contemporaneous objection, the actions of the trial court warrant reversal only if they constitute fundamental error.
"Fundamental error" has been defined "as error that `reaches down into the validity of the trial itself to the extent that a verdict of guilty could not have been obtained without the assistance of the alleged error.'" Rimmer v. State, 825 So.2d 304, 323 (Fla.)(quoting Kilgore v. State, 688 So.2d 895, 898 (Fla.1996)), cert. denied, ___ U.S. ___, 123 S.Ct. 567 (2002). "A fundamental error is one that undermines the confidence in the trial outcome and goes to the very foundation of a case. Often, it is the equivalent of a denial of due process." Jassan v. State, 749 So.2d 511, 512 (Fla. 2d DCA 1999). Applying this definition, it is clear that not every act or comment that might be interpreted as demonstrating less than neutrality on the part of the judge will be deemed fundamental error. Here, we hold that the trial judge's comments, although improper, did not rise to the level of fundamental error.
Having affirmed Appellant's convictions, we now address his claim that the sentence imposed for his false imprisonment conviction must be reversed. Appellant claims that the trial court improperly utilized the domestic violence multiplier to exceed the statutory maximum without an express finding by the jury that the domestic violence crime was committed in the presence of a minor child pursuant to Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000).
Section 775.082(3)(d), Florida Statutes (1999), which Florida's courts have held establishes the statutory maximum for Apprendi analysis, provides that the *1171 maximum penalty for a third degree felony, including false imprisonment, is five years incarceration. See McCloud v. State, 803 So.2d 821, 827 (Fla. 5th DCA 2001)(en banc), review denied, 821 So.2d 298 (Fla.), cert. denied, ___ U.S. ___, 123 S.Ct. 553, 154 L.Ed.2d 455 (2002); see also Hindenach v. State, 807 So.2d 739 (Fla. 4th DCA 2002). The 81.83 month sentence imposed in reliance on the domestic violence multiplier for Appellant's false imprisonment conviction clearly exceeds the five-year statutory maximum. The application of the domestic violence multiplier required a finding that the false imprisonment took place in the presence of the victim's and Appellant's toddler. See § 921.0024, Fla. Stat. (1999). The jury was instructed that, in order to convict Appellant of false imprisonment, they were required to find that Appellant "forcibly, secretly or by threat confined, abducted or imprisoned or restrained [the victim] against her will" and that Appellant had no authority to do so. At no point, did the jury have to consider whether the couple's young child witnessed the confining or restraining. Cf. Henly v. State, 812 So.2d 549, 550 (Fla. 5th DCA 2002)(finding merit in defendant's Apprendi challenge where sentence was enhanced for discharging a firearm and causing great bodily harm where there was no inherent finding by the jury in convicting defendant of aggravated battery that the use of a firearm had caused great bodily harm). Rather, this determination was necessarily made by the judge in applying the multiplier, which is clearly impermissible under Apprendi.
Apprendi mandates that a jury find that the facts necessary to impose the domestic violence multiplier exist beyond a reasonable doubt. It does not matter that all of the evidence may support that proposition. The jury must make that determination. Therefore, this matter is remanded to the trial court for resentencing without the application of the domestic violence multiplier.
AFFIRM conviction; REMAND for resentencing.
FARMER and KLEIN, JJ., concur.