927 So.2d 992 (2006)
Charles VAVRUS, Appellant,
v.
CITY OF PALM BEACH GARDENS, Florida, a municipal corporation, Appellee.
Nos. 4D04-3182, 4D05-2937.
District Court of Appeal of Florida, Fourth District.
April 5, 2006.
Rehearing Denied May 25, 2006.
*993 Ernest A. Cox, Jack J. Aiello, and Brian M. Seymour of Gunster, Yoakley & Stewart, P.A., West Palm Beach, for appellant.
George P. Roberts, Jr., of Roberts, Reynolds, Bedard & Tuzzio P.A., West Palm Beach, for appellee.
POLEN, J.
Appellant, Charles Vavrus, timely appeals a final judgment finding in favor of the City of Palm Beach Gardens ("the City"). Vavrus raises four issues on appeal. For the reasons explained herein, we affirm on each of the issues. Appellee, the City, cross-appeals the trial court's denial of its claim for a permanent injunction. We affirm the cross-appeal as well.
In December of 1975, Vavrus purchased 4,763 acres of property in Palm Beach County. In March of 1991, pursuant to voluntary petitions filed by Vavrus and adjoining landowners, the City annexed Vavrus' property into the City boundaries. The City initially filed this action for injunctive relief when Vavrus refused to recognize the requests and orders of the City code enforcement personnel and continued to clear-cut pine flatwoods on his property. The complaint sought a temporary injunction, a mandatory injunction for reforestation, and an on-site inspection. Upon filing the complaint, the City sought and received a temporary injunction, without bond.
Vavrus filed a motion to dismiss, claiming that the City Code did not apply to his property. His motion to dismiss was denied. He did not appeal the issuance of the temporary injunction directly, but instead filed a motion to dissolve the injunction, which was denied. Vavrus appealed the denial of his motion to dissolve injunction to this court, which affirmed the trial court by PCA on February 2, 2000. Vavrus v. City of Palm Beach Gardens, 756 So.2d 1020 (Fla. 4th DCA 2000).
*994 After his motion to dismiss was denied, Vavrus filed an answer. The operative pleading at trial, Vavrus' third amended counterclaim, was stated in ten counts, including claims for: (1) declaratory judgment and Right to Farm Act; (2) declaratory judgment regarding repealed code sections; (3) injunctive relief; (4) damages for wrongful issuance of injunction; (5) oppressive pre-condemnation conduct resulting in a taking of agriculture; (6) taking under the Florida Constitution; (7) equal protection under the Florida Constitution; (8) substantive due process under the Florida Constitution; (9) equal protection under federal law; and (10) substantive due process under federal law. The underlying premise throughout the general and specific allegations of the defenses and counterclaim was that the City Code did not apply to Vavrus' property and, thus, the code enforcement proceedings were unlawful.
Concurrently, the City proceeded with enforcement of its Code through its Code Enforcement Board (CEB), the body having jurisdiction over the code violations. Before the CEB, Vavrus contended that the City Code did not apply to his property, and thus, there were no violations. After the CEB entered its order finding violations and imposing fines, Vavrus sought review in the Appellate Division of the Circuit Court. The Circuit Court affirmed the Board's decision by amended opinion on July 15, 2001. Vavrus sought further review, by petition for writ of certiorari, to this court. On November 4, 2002, this court denied certiorari. (4D01-3436). No further appeal was timely lodged.
Prior to trial in the instant case, Vavrus filed a motion to lift the existing temporary injunction. Since an evidentiary hearing was required, it was carried with the case to trial. The case proceeded to a 12-day jury trial on most of the claims (counts 4-10), and then to a bench trial on the remaining equitable claims (counts 1-3). At the close of Vavrus' evidence, the trial court granted directed verdict to the City on all jury claims except the claim for wrongful temporary injunction. The jury found the temporary injunction was lawfully issued, thus they did not consider the issue of damages.
Thereafter, the trial court conducted a bench trial on the first three counts of Vavrus' counterclaim and on the City's claim for a mandatory injunction. On July 16, 2004, the court entered a final judgment in favor of the City on all of Vavrus' claims. The court denied Vavrus' motion to lift the temporary injunction. Subsequently, the court entered a final order denying the City's claim for a mandatory injunction. This appeal and cross-appeal followed.
Vavrus raises four issues on appeal. For the reasons explained herein, we affirm on each of the issues. First, Vavrus argues that the trial court's speculative opinion about the future use of Vavrus' property caused the court to err on legal and evidentiary rulings. This issue is not preserved for appellate review. "[I]n order to preserve for appellate review alleged improprieties of a trial judge, an objection must be made contemporaneously with the prejudicial conduct or comments." Mathew v. State, 837 So.2d 1167 (Fla. 4th DCA 2003). Nor were the court's comments here fundamental error. In any event, the comments made by the trial judge outside the presence of the jury did not taint the court's legal and evidentiary rulings throughout the trial.
Second, Vavrus argues that the trial court submitted erroneous jury instructions on the wrongful injunction claim. *995 We hold that no reversible error occurred in giving the instruction.
Third, Vavrus argues that the trial court abused its discretion in admitting evidence about the Business Development Board of Palm Beach County ("BDB") contract and the Scripps project. A trial court's determination on the admissibility of evidence is subject to an abuse of discretion standard of review. Jones v. State, 908 So.2d 615, 621 n. 2 (Fla. 4th DCA 2005). No abuse of discretion occurred in the admission of this evidence.
Fourth, Vavrus argues that the trial court erred in entering an award of attorneys' fees and costs in favor of the City. The fee award was based upon an offer of settlement submitted by the City pursuant to section 768.79, Florida Statutes, and Florida Rule of Civil Procedure 1.442 to settle all claims brought by his counterclaim and the fact that no damages were awarded to Vavrus in the Final Judgment on any of his counterclaims. Because we affirm each of the issues Vavrus raises on appeal, we also affirm the entry of the attorneys' fees order.
The City cross-appeals the trial court's denial of its claim for a permanent and mandatory injunction. We affirm, but note that nothing precludes raising the issue of a permanent injunction in subsequent proceedings.
SHAHOOD and TAYLOR, JJ., concur.