DAMOORGIAN, C.J.
Appellant, Vasilyn London, appeals his conviction and sentence for one count of sexual battery and one count of burglary of a dwelling. On appeal, London raises two issues. We affirm.
Appellant first argues that the trial court erred in limiting his direct examination of one of the investigators with regard to the victim’s description of the sexual assault. Specifically, Appellant contends that the court prevented him from eliciting testimony that the victim described the attack as brutal (in contrast to her physical injuries) when the court sustained the State’s objection to the defense’s line of questioning on grounds of “asked and answered.” The State counters that as an initial matter, Appellant did not preserve the alleged error for review because defense counsel failed to proffer the excluded testimony. It further argues that there was no error as Appellant elicited such testimony from the witness. The State is correct. There was no error because the defense was allowed to elicit testimony regarding the physicality of the attack from the investigating officer.
Appellant next argues that the “trial judge transgressed the proper boundaries imposed on her discretion” when it scolded defense counsel in the presence of the jury for asking the investigator to read a portion of her police report into the record. The State maintains that there was no error as the judge’s actions were within her discretion to govern the trial and did not have a prejudicial effect on the Appellant.
[3] While it is “the better practice” to require retirement of the jury before rebuking counsel, “there are occasions where there is no error in rebuking defense counsel in the presence of the jury.” Jones v. State, 385 So.2d 132, 134 (Fla. 4th DCA 1980). However, reversible error occurs when the judge’s comments and conduct “so severely call into question an attorney’s level of advocacy and sense of fairness” that they create a prejudicial effect on the defendant. Wilkerson v. State, 510 So.2d 1253, 1254 (Fla. 1st DCA 1987); see also Alley v. State, 619 So.2d 1013, 1015 (Fla. 4th DCA 1993).
Appellant primarily cites to Tyndall v. State, 234 So.2d 154 (Fla. 4th DCA 1970), in support of his position that the trial court prejudiced the defendant when it interrupted defense counsel’s attempt to have the investigator read her police re *690 port into the record. In Tyndall, this Court reversed because the trial court went on an unwarranted “tirade against the defense attorney” in front of the jury, lengthily responding to the state’s objection by telling the defense attorney that it could not let him “get-away-with murder” and elicit “blatant, out-right outrageous, unadulterated hearsay.” Tyndall, 234 So.2d at 155 and n. 1.
Appellant’s reliance on Tyndall is overstated. Here, the court prevented the investigator from reading the police report into the record by stating: “No, she cannot read it directly into the record, you must ask questions ... that violates Florida law, police reports are not admissible into evidence. Do I need to show you the Evidence Code?” Although the court’s last statement was unnecessary, it did not rise to the level of the court’s remarks in Tyndall, which were lengthy and more egregious. Moreover, unlike the court’s remarks in Tyndall, which were not necessary to prevent the inadmissible evidence from coming in as the state had already objected, here the court’s initial comments were necessary to prevent the improper admission of information contained in a police report. See Burgess v. State, 831 So.2d 137, 140 (Fla.2002) (information contained in a police report is hearsay and inadmissible in an adversary criminal proceeding).
Appellant’s counsel was improperly trying to have the information contained in a police report admitted into evidence, and the court stopped her as it had the authority to do. Thus, its actions were not improper.

Affirmed.

MAY and FORST, JJ., concur.