# Third District Court of Appeal

## State of Florida

Opinion filed February 28, 2024.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D22-0685
Lower Tribunal No. F21-1504
_____

**Dwight Verner Region,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Richard Hersch, Judge.

Carlos J. Martinez, Public Defender, and Shannon Hemmendinger, Assistant Public Defender, for appellant.

Ashley Moody, Attorney General, and Christina L. Dominguez, Assistant Attorney General, for appellee.

Before EMAS, SCALES and BOKOR, JJ.

PER CURIAM.

Affirmed. <u>See</u> <u>Jackson v. State</u>, 2 So. 3d 1036, 1037 (Fla. 3d DCA 2009) ("What the appellant characterizes as self-initiated 'interjections' by the trial judge were motivated by the judge's appropriate interest in preserving the regularity and orderliness of the proceeding."); <u>R.J. Reynolds Tobacco Co. v. Robinson</u>, 216 So. 3d 674, 684 (Fla. 1st DCA 2017) ("The trial court should clearly convey to counsel that misconduct will not be tolerated, even in the presence of the jury if necessary") (citing <u>Gomez v. State</u>, 751 So. 2d 630, 632-33 (Fla. 3d DCA 1999) ("There comes a point and time in the conduct of a trial that the trial judge should and must intervene in the egregious conduct, whether it has been challenged or not.")); <u>Koelemij v. State</u>, 285 So. 3d 376, 379 (Fla. 1st DCA 2019) ("Although the better practice is to excuse the jury before admonishing an attorney in open court, reproving defense counsel in the jury's presence 'does not, in itself, constitute reversible error.' <u>Paramore v. State</u>, 229 So. 2d 855, 860 (Fla. 1969), vacated in part on other grounds, 408 U.S. 935, 92 S.Ct. 2857, 33 L.Ed.2d 751 (1972). '[I]n order to constitute reversible error, [a reprimand] must prejudice the party whose counsel was rebuked.' <u>Id.</u> 'Whether a new trial should be granted under such circumstances is subject to the trial judge's discretion, as [the trial court] is in a better position to determine the effect of such rebuke or reprimand.' <u>Id.</u> 'However, reversible error occurs

2

when the judge's comments and conduct "so severely call into question an attorney's level of advocacy and sense of fairness" that they create a prejudicial effect on the defendant.' London v. State, 127 So. 3d 688, 689 (Fla. 4th DCA 2013)") (additional quotations omitted).