463 So.2d 207 (1985)
Larry Joe JOHNSON, Petitioner,
v.
Louie L. WAINWRIGHT, Respondent.
Larry Joe JOHNSON, Appellant,
v.
STATE of Florida, Appellee.
Nos. 66445, 66458.
Supreme Court of Florida.
January 28, 1985.
*208 Steven Seliger, Quincy, and Baya Harrison, III, Tallahassee, for petitioner/appellant.
*209 Jim Smith, Atty. Gen. and Raymond L. Marky and Mark C. Menser, Asst. Attys. Gen., Tallahassee, for respondent/appellee.
BOYD, Chief Justice.
These two proceedings are before the Court upon (1) a petition for habeas corpus and (2) appeal of the denial in circuit court of a motion to set aside judgment and sentence pursuant to Florida Rule of Criminal Procedure 3.850. The petitioner-appellant, Larry Joe Johnson, is a state prisoner under sentence of death. This Court has jurisdiction of both of these proceedings. Art. V, § 3(b)(1) and (9), Fla. Const. In connection with these two proceedings, Johnson seeks a stay of the scheduled execution of his death sentence. Because we are able to resolve all issues on an expedited basis, we deny the motion for a stay. We deny the habeas petition and affirm the denial of the rule 3.850 motion.
Johnson was charged with the crimes of murder in the first degree and armed robbery. The accusations were tried by a jury and Johnson was convicted on both counts. Under section 921.141, Florida Statutes (1977), a separate sentencing proceeding was held and the jury thereafter recommended death as the appropriate sentence for the murder. The trial court followed the recommendation and sentenced Johnson to death. On appeal, this Court affirmed the convictions and the sentence of death. A discussion of the evidence and the legal issues raised on appeal is found in this Court's opinion reported as Johnson v. State, 442 So.2d 185 (Fla. 1983). Upon Johnson's petition to the United States Supreme Court for certiorari, that Court declined to review the case. Johnson v. Florida, ___ U.S. ___, 104 S.Ct. 2181, 80 L.Ed.2d 563 (1984).
Johnson seeks a writ of habeas corpus arguing that the lawyers who represented him on his previous appeal to this Court rendered him ineffective assistance of counsel depriving him of a full and meaningful appeal. Therefore, the argument continues, the judgment of conviction and sentence of death and this Court's affirmance of same are invalid unless Johnson be granted a renewed appeal in which to argue points which his previous lawyers, by reason of incompetence, neglected to argue.
A person convicted of a crime, whose conviction has been affirmed on appeal and who seeks relief from the conviction or sentence on the ground of ineffectiveness of counsel on appeal must show, first, that there were specific errors or omissions of such magnitude that it can be said that they deviated from the norm or fell outside the range of professionally acceptable performance; and second, that the failure or deficiency caused prejudicial impact on the appellant by compromising the appellate process to such a degree as to undermine confidence in the fairness and correctness of the outcome under the governing standards of decision. Strickland v. Washington, ___ U.S. ___, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); Smith v. State, 457 So.2d 1380 (Fla. 1984).
Johnson argues that the lawyers who represented him on appeal were ineffective in that they failed to present on appeal the argument that the trial court had reversibly erred in allowing Johnson to be absent from the courtroom during the testimony of a witness at the sentencing phase. A second allegation of ineffectiveness, based on the lack of appellate argument that the trial court had reversibly erred in allowing challenges for cause to two prospective jurors who expressed reservations about capital punishment has now been withdrawn in view of the United States Supreme Court's decision in Wainwright v. Witt, ___ U.S. ___, 105 S.Ct. 844, 83 L.Ed.2d 841 (1985).
As is indicated above, the issue before us is, first, whether the decision not to make the argument or the simple omission to do so constitutes a serious error or substantial deficiency and, second, whether the failure of counsel undermines confidence in the correctness of the outcome. Although the petition argues that relief should be granted because the omitted point of appeal, had it been argued, would have been *210 found meritorious by this Court, the merits of that legal point is not before us. It is a matter cognizable only by means of specific objection at trial and presentation on appeal and we will not allow this habeas corpus proceeding to become a direct vehicle for belated appellate review. The question of the merits of the legal point petitioner says should have been argued on appeal is a mere abstraction here, the only concrete issues before us being those pertaining directly to the claim of ineffectiveness of counsel.
Petitioner says that at the sentencing hearing he was erroneously allowed to be absent from the courtroom during the testimony of a witness. The witness in question was a psychologist called to testify on the defendant's behalf. It may be presumed that defense counsel presented the testimony for purposes of establishing mitigating circumstances or negating aggravating circumstances for the purpose of establishing the appropriateness of a sentence of life imprisonment as opposed to a sentence of death, as these are the only issues at a sentencing hearing under section 921.141. It was at the request of defense counsel that Johnson was allowed to be absent during the psychologist's testimony for the defense, and defense counsel told the court that his request was pursuant to the wishes of the witness and, impliedly, the agreement of the defendant, "by prior arrangement." The defendant himself voiced no objection to the procedure and the psychologist thereafter explained to the court that it would not be in the defendant's best interest to hear her testimony about him.
Petitioner now argues that his appellate counsel should have challenged the trial court's action on appeal. Even though there was no objection interposed at trial, petitioner says the matter could have and should have been raised because it was fundamental error. Moreover, even though the action of the trial court was based on defense counsel's affirmative request and waiver of the defendant's presence, petitioner says it should have been raised because either the presence of the accused at all phases of the trial is nonwaivable or such waiver can be made only by the defendant himself, knowingly and intelligently, into which factors the trial court was obliged to inquire before granting the request, the defendant's silence by itself, according to the argument, being insufficient as a waiver.
In arguing that there was error that should have been raised on appeal, petitioner relies upon Francis v. State, 413 So.2d 1175 (Fla. 1982), along with numerous other decisions concerning the right of an accused person to be present in court at all critical stages of the proceedings against him, including the entire trial proper. In Francis the examination of prospective jurors began in the defendant's absence at the instance of the court and the exercise of peremptory challenges took place in camera with the defendant excluded without his express consent. This Court applied the "knowing and intelligent waiver" standard of Schneckloth v. Bustamonte, 412 U.S. 218, 93 S.Ct. 2041, 36 L.Ed.2d 854 (1973) and Johnson v. Zerbst, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938), in holding the involuntary exclusion of the defendant to be error.
The state very persuasively points out that what happened at petitioner's trial is vastly different from Francis and other cases where the accused is excluded against his will from a part of the proceeding where his presence in the courtroom is important to fairness of the trial. The state argues that in this situation appellate counsel could not have successfully raised the matter on appeal after defense counsel had so explicitly waived the point at trial, citing Wainwright v. Sykes, 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1972), Castor v. State, 365 So.2d 701 (Fla. 1978), and other cases.
The right of the accused to be present in the courtroom throughout his trial derives from and is an effectuation of, we believe, two constitutional rights of the accused under the sixth amendment to the United States Constitution: the right "to *211 be confronted with the witnesses against him" and the right "to have the assistance of counsel for his defense." The former guarantees the right of cross examination and guards against "conviction ... upon depositions or ex parte affidavits." Dowdell v. United States, 221 U.S. 325, 330, 31 S.Ct. 590, 55 L.Ed. 753 (1911). The latter pertains in this context to the presence of the accused when his presence is important to the fairness of the proceeding. Just as the accused has the right to the assistance of counsel, he also has the right to assist his counsel in conducting the defense. See Snyder v. Massachusetts, 291 U.S. 97, 54 S.Ct. 330, 78 L.Ed. 674 (1934); See also Faretta v. California, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975). Thus in Francis the defendant's presence during the exercise of peremptories was deemed important because of the aid the accused could have given to his counsel. At petitioner's trial, the witness who testified during his voluntary absence was testifying on the defendant's behalf rather than against him. Moreover, as defense counsel represented to the court without objection by the defendant that his absence had been agreed upon "by prior arrangement," it appears that consultation between the accused and his counsel about the presentation of the witness's testimony had already taken place.
As was stated above, we will not reach the question of whether petitioner's temporary absence from the courtroom was fundamental error or even simple legal error. We consider only whether appellate counsel's omission to raise it on appeal was a serious deviation from professional norms and, if so, whether the defect undermines confidence in the outcome of the appellate process. Strickland v. Washington. If the answer to the second question can be clearly arrived at, we can dispense with the first one. Id.
Appellate counsel's job is to review the record of the trial and to present to the reviewing court any arguments regarding errors of substance or procedure committed in the course of the proceedings which worked some detriment to the defendant or violated any of his substantive or procedural rights. The record of the trial in this case shows that appellant's absence from the courtroom during the testimony of a defense witness at the sentencing phase took place at the request of defense counsel, that defense counsel represented to the court that the witness, a psychologist, had requested it and that it had been agreed upon "by prior arrangement," and that the defendant himself expressed no objection but voluntarily removed himself from the courtroom. We have said many times that an appellant in a criminal case is not entitled to have his counsel press every conceivable claim upon appeal. It is not difficult to see how appellate counsel might well have decided not to argue this issue on appeal.[*] That appellate counsel did not present the inventive and highly technical argument being brought before us now is not a basis for finding "a substantial and serious deficiency," Knight v. State, 394 So.2d 997, 1001 (Fla. 1981), "outside the wide range of professionally competent assistance." Strickland v. Washington, ___ U.S. ___, 104 S.Ct. 2052, 2066, 80 L.Ed.2d 674 (1984). Because defense counsel at trial not only explicitly waived the defendant's presence on his behalf but also affirmatively requested that he be allowed to leave the courtroom, representing to the court that this was the defendant's agreement and in his interest, appellate counsel could very reasonably have decided that *212 the issue was not a promising one because of the waiver and the lack of prejudice to the defense.
We therefore find that the omission of appellate argument on the issue of petitioner's voluntary and requested absence from a portion of his trial was not a serious and substantial deficiency. And even if it were conceded that the omission to raise the issue amounted to a deficiency, we find in this case that this omission did not deprive petitioner of a complete meaningful, and effective appellate process.
Having found no merit to petitioner's contention, we deny the petition for habeas corpus.

Rule 3.850 Appeal
We now turn to Johnson's appeal of the denial of his motion to vacate judgment and sentence filed under Florida Rule of Criminal Procedure 3.850. Appellant contends the trial court erred in refusing to grant him an evidentiary hearing on his claims. Because we find that the record of the prior trial conclusively established that Johnson was not entitled to relief from the judgment or sentence, we hold the trial court's denial of the rule 3.850 motion without evidentiary hearing was proper and we affirm.
On this appeal, Johnson argues that the trial court erred in denying his motion on the following grounds:
(1) that his absence from the courtroom during a portion of his trial violated his constitutional rights and a procedural rule;
(2) that such absence violated his rights to due process and fair procedure in sentencing;
(3) that peremptory challenges were improperly used to exclude black people from the jury;
(4) that the trial court's prior evaluation of appellant's mitigating evidence should be reconsidered;
(5) that the state's presentation of the testimony of the psychiatrists appointed to evaluate appellant's competency to stand trial as anticipatory rebuttal of defendant's evidence of mitigation on mental and emotional grounds was improper;
(6) that the prosecutor at trial argued in an improper and inflammatory manner, commenting on the evidence, expressing personal beliefs, and arguing on matters outside the evidence so as to violate Johnson's constitutional rights;
(7) that the process of jury selection tended to produce a jury biased in favor of finding guilt and recommending a death sentence and that the instructions and argument given to the jury at sentencing tended to denigrate its role and the importance of its function;
(8) that the trial court's original refusal to find any mitigating circumstances from the evidence violated the eighth amendment's requirement of individualized sentencing; and
(9) that two jurors had been improperly excluded from the trial jury on the ground of conscientious objection to capital punishment.
Points (1), (2), (3), (5), (6), (7), and (9) as set forth above are all matters that should have been and, if properly protested and preserved for appeal, could have been raised by the initial appeal and therefore are not proper grounds for relief by motion to vacate under rule 3.850. Booker v. State, 441 So.2d 148 (Fla. 1983); Thompson v. State, 410 So.2d 500 (Fla. 1982). Indeed, point (6) is merely a reiteration and amplification of an argument that was decided adversely to appellant. The trial court's summary denial of relief on all of the above grounds was therefore proper.
As for points (4) and (8) as set forth above, the latter seeks to relitigate the issue of the weight to be accorded to the mitigating evidence presented on appellant's behalf at the sentencing phase of his trial. The sentencing court found no mitigating circumstances. This Court affirmed the sentence of death on appeal. The former (point 4) is based on the argument that cases and studies published since the time of appellant's sentencing and his appeal have worked such a profound change in the science of psychology and the law of capital *213 sentencing that the question of the legally appropriate sentence for appellant should be revisited. This argument is an attempt to reargue the legal correctness of the prior judgment and sentence previously affirmed by this Court. We find that the trial court was correct in ruling that neither issue was cognizable by rule 3.850. Both points ask for reconsideration of matters which must be considered final in view of this Court's prior affirmance of the death sentence and they do not rise to the level of a claim based on suppressed or newly discovered evidence. Matters settled by the appeal are not proper grounds for collateral challenge. See Sullivan v. State, 441 So.2d 609 (Fla. 1983); Messer v. State, 439 So.2d 875 (Fla. 1983).
The denial of the motion for post-conviction relief is affirmed. The petition for writ of habeas corpus is denied. The petition for a stay of execution is denied.
It is so ordered.
ADKINS, OVERTON, McDONALD, EHRLICH and SHAW, JJ., concur.
NOTES
[*] Attached to the habeas petition is the affidavit of one of the lawyers who represented Johnson on appeal. The lawyer states that he did not omit the point in question for any tactical reason but simply "did not spot it." We do not find the lawyer's apparent willingness to confess incompetence on behalf of his former client, who faces execution, determinative or persuasive of the question of whether appellant received the effective assistance of counsel on appeal. Even though a lawyer who does not raise some possibly arguable matter on appeal does not consciously bypass or forego the issue, but simply is not struck with its possible arguability when reviewing the record, does not mean that the counsel was not functioning as legal counsel in a meaningful way. See Strickland v. Washington.