496 So.2d 798 (1986)
Thomas Dewey POPE, Petitioner,
v.
Louie L. WAINWRIGHT, Secretary, Department of Corrections, State of Florida, Respondent.
No. 67054.
Supreme Court of Florida.
October 16, 1986.
*800 Sylvia H. Walbolt, C. Timothy Corcoran, III, James A. Gresser, Alan F. Wagner, and Deborah H. Ross of Carlton, Fields, Ward, Emmanuel, Smith & Cutler, P.A., Tampa, for petitioner.
Jim Smith, Atty. Gen. and Sarah B. Mayer, Asst. Atty. Gen., West Palm Beach, for respondent.
EHRLICH, Justice.
Alleging that he received ineffective assistance of appellate counsel, Thomas Dewey Pope, a prisoner under sentence of death, petitions this Court for a writ of habeas corpus. We have jurisdiction. Art. V, § 3(b)(9), Fla. Const. Finding no merit in this claim, we deny the petition.
Pope was convicted of three counts of murder in the first degree. The jury recommended and the trial judge imposed life sentences for two of the murders and a sentence of death for the third. We affirmed the convictions and sentences in Pope v. State, 441 So.2d 1073 (Fla. 1983). Pope contends that his appellate counsel was ineffective for failing to raise a number of "crucial and dispositive points" on appeal; and he asks that we now consider these issues on the merits.
As recently noted in Johnson v. Wainwright, 463 So.2d 207 (Fla. 1985), the issue before us when entertaining a petition for writ of habeas corpus based on a challenge of ineffective assistance of appellate counsel is limited to, first, whether the alleged omissions are of such magnitude as to constitute a serious error or substantial deficiency falling measurably outside the range of professionally acceptable performance and, second, whether the deficiency in performance compromised the appellate process to such a degree as to undermine confidence in the correctness of the result. Id. at 209. We further noted in Johnson that although an ineffective assistance of appellate counsel claim is logically based on the premise that the omitted argument, if raised, would have been considered meritorious, the merits of the underlying legal issue are not before us. The merits of the omitted argument are "cognizable only by means of specific objection at trial and presentation on appeal and we will not allow [a] habeas corpus proceeding to become a direct vehicle for belated appellate review." Id. at 210. Since the merits of the legal points which are the basis of the petitioner's claim of ineffective assistance are "mere abstractions" in this proceeding, we shall address the merits of each point only to the extent necessary to dispose of his claim.
Pope maintains that the points he now raises, if brought to this Court's attention in his original appeal, would have resulted in the granting of either a new trial or a *801 new sentencing proceeding. None of these newly alleged errors were raised at trial. Recognizing that appellate counsel cannot be considered ineffective for failing to raise issues which he was procedurally precluded from raising, unless such errors are fundamental in nature, see Downs v. Wainwright, 476 So.2d 654 (Fla. 1985); Ruffin v. Wainwright, 461 So.2d 109 (Fla. 1984), Pope argues that the "neglected" errors either individually or in combination deprived him of his fundamental right to a fair trial.
As his first point Pope argues that the cumulative effect[1] of allegedly prejudicial comments by the trial judge and prosecutor deprived him of a fair and impartial determination of 1) his guilt or innocence based solely upon the evidence and the law; and 2) the appropriateness of the death penalty. Pope maintains that the trial judge made two types of prejudicial statements: 1) those which undermined the importance of the jury instructions and encouraged the jury to reach a verdict based on matters outside the evidence; and 2) those which "insinuated against" the petitioner and his counsel, influencing the jury to find the petitioner guilty. The petitioner also points to a number of improper comments by the prosecutor, most notably: 1) those referring to the petitioner's carefree demeanor off the witness stand; 2) those expressing the prosecutor's personal belief in his case and in the credibility of the state's star witness; and 3) those emphasizing a statement made out of the presence of the jury concerning the petitioner's preference for the death penalty.
First, we note that under the current capital felony sentencing law, section 921.141, Florida Statutes (1985), a murder trial proceeds in two stages, a guilt phase followed by a sentencing proceeding. Since the jury does not hear evidence or arguments directed solely toward the issue of sentencing until after its determination on the issue of guilt, alleged errors occurring during the sentencing phase of the trial cannot influence a jury on the issue of guilt or innocence. Therefore, in addressing petitioner's cumulative impact argument, we first consider those errors alleged to have occurred during the guilt phase of the trial.

GUILT PHASE
Pope points to several comments made by the trial judge during opening remarks to the venire and during final jury instructions on the issue of guilt, and argues that these comments could have led the jury to disregard the instructions and evidence presented and base its verdict on common sense feelings of right and wrong. He argues that other comments evidenced the trial court's lack of neutrality and implied that the court believed the defendant to be guilty. None of these comments were objected to at trial. This Court has consistently held that "even constitutional errors, other than those constituting fundamental error, are waived unless timely raised in the trial court." Clark v. State, 363 So.2d 331, 333 (Fla. 1978); See also State v. Cumbie, 380 So.2d 1031 (Fla. 1980); Sanford v. Rubin, 237 So.2d 134 (Fla. 1970).
Although after reviewing the record, we find it unlikely that the comments complained of lessened the importance of the jury instructions, even if these comments were found to have the effect complained of, this "error" is not so fundamental as to require a new trial. See Gibbs v. State, 193 So.2d 460, 463 (Fla. 2d DCA 1967) (instruction to seek the truth, although lessening the importance of jury instructions, was not such fundamental error as to constitute sole basis of reversal). Furthermore, considering these comments in combination with other challenged comments occurring during the guilt phase of the trial, we cannot say that the overall fairness of the trial was fundamentally impaired. First, the comments which petitioner *802 maintains evidenced the trial court's lack of neutrality, when taken in context, cannot reasonably be said to have led to any inference as to the trial judge's view of the case or to have otherwise deprived the defendant of his right to an impartial tribunal. In support of his claim of lack of neutrality, the petitioner strings together a number of rather innocuous statements, one of which is part of the standard jury instructions.[2]
The petitioner's claims that the judge unnecessarily interjected himself into the trial and that he evidenced favoritism for the state are likewise totally without merit. The record reflects that in most instances complained of the trial judge was simply attempting to clarify questions during voir dire examination. This is clearly not the type or extent of interjection which has been found objectionable. Compare, e.g., Jones v. State, 385 So.2d 132 (Fla. 4th DCA 1980) (harsh rebuke of defense counsel in presence of jury abridged defendant's fundamental right to a fair trial); Keane v. State, 357 So.2d 457 (Fla. 4th DCA 1978) (numerous gratuitous comments and interjections by trial judge during course of trial deprived defendant of a fair trial).
The only other alleged error occurring during the guilt phase of the trial which merits discussion was made by the prosecutor during his closing argument. Seemingly in response to defense counsel's comment that the state's star witness, Pope's girlfriend, was grinning while testifying, the prosecutor stated: "I don't know if you saw it; but I saw it, [Pope] was grinning from ear-to-ear. This is supposed to be a wrongful accused man, grinning from ear-to-ear? I don't know why he grins from ear-to-ear." Although comments on a defendant's demeanor off the witness stand are clearly improper,[3] under the circumstances this comment cannot be said to amount to fundamental error and, since not preserved by contemporaneous objection and motion for mistrial, was not reviewable on appeal. See State v. Cumbie, 380 So.2d 1031 (Fla. 1980) (improper prosecutorial comment which does not constitute fundamental error must be objected to and a motion for mistrial requested to preserve issue for appeal).
At first blush, the petitioner's cumulative impact argument may appear very persuasive; however, after reviewing the entire record and all the challenged comments which arguably could have influenced the jury in its determination of guilt, we find that the comments taken individually or as a whole did not so infect the proceeding as to deprive the petitioner of his fundamental right to a fair trial.

SENTENCING PHASE
The vast majority of the questionable prosecutorial comments occurred during the penalty phase of the trial. During his final argument to the jury, the prosecutor vouched for his case and for the credibility of the state's star witness and argued that the petitioner showed no remorse for his acts:
I'm certainly familiar with the evidence over the last year and certainly familiar with Miss Susan Eckerd. I have met her on more than one occasion than when she was on the stand. I believed in the case I presented... . There is no remorse. You haven't seen a grain [of] remorse. If there is ever going to be a tear in Tom Pope's eye, it is going to be for himself.
Although the petitioner's preference for the death penalty had been expressed out of the presence of the jury, the prosecutor *803 continued, "Incidentally, Mr. Pope has announced that he would rather receive a death penalty than life imprisonment. I would say to you that your verdict, your recommendation, should not be based on that... ." No objections were made to these comments. And although clearly improper,[4] in light of the aggravating evidence presented in connection with the murder of the female victim, none are so egregious as to fundamentally undermine the reliability of the jury's recommendation. See Bertolotti v. State, 476 So.2d 130 (Fla. 1985) (prosecutorial misconduct during penalty phase of murder trial must be truly egregious to warrant automatic vacation of sentence).
The most bothersome of these comments is the comment on the petitioner's preference for death. The petitioner argues that once the jury was made aware of his preference, it was manifestly easier for them to recommend death. Comments on matters outside the evidence are clearly improper.[5] However, this comment standing alone or read in combination with other improper comments cannot be said to have unduly affected the jury's weighing process. The trial court found four aggravating circumstances:[6] 1) conviction of prior violent felony, 2) the capital felony was committed for the purpose of avoiding or preventing a lawful arrest, 3) the capital felony was committed in a cold, calculated and premeditated manner, 4) the capital felony was especially heinous, atrocious or cruel, which were supported beyond a reasonable doubt. Pope v. State, 441 So.2d at 1076-77. Although the jury may have considered the petitioner's preference, the resulting recommendations of life in connection with the murders of the male victims and death in connection with murder of the female victim, with clear record support for each, evidence that the jury properly weighed the aggravating and mitigating factors and did not blindly follow the petitioner's death wish even if they considered it.
As to Pope's first point in support of his ineffective assistance claim, we conclude the challenged comments did not deprive petitioner of a fair determination of his guilt or innocence nor did they so affect the reliability of the jury's recommendation of death as to rise to the magnitude of fundamental error. Therefore, since appellate counsel could not have properly raised this point on appeal, his failure to do so cannot be considered a serious deficiency in performance. Downs v. Wainwright.
Pope raises two other points in connection with the sentencing phase of the trial which merit discussion. He argues that the trial court failed to provide him with a copy of the presentence investigation report within a reasonable time of sentencing as required by Florida Rule of Criminal Procedure 3.713. Defense counsel was first given a copy of the presentence report at 10 a.m. the morning of sentencing. When this was brought to the court's attention a recess was ordered until 1 p.m. Pope now contends that this rather abbreviated review violated his right to due process of law and, thus, was fundamental error which should have been raised on appeal.
Pope relies upon the United States Supreme Court's decision in Gardner v. Florida, 430 U.S. 349, 97 S.Ct. 1197, 51 L.Ed.2d 393 (1977), in which the Court held that a defendant is denied due process of law when imposition of the death sentence is based on a presentence report containing *804 confidential information which was not disclosed to the defendant or his counsel. The Court in Gardner focused its analysis on whether the defense was given a meaningful opportunity to deny or explain the contents of the report. Gardner, 430 U.S. at 362, 97 S.Ct. at 1207. See also Barclay v. State, 362 So.2d 657 (Fla. 1978). Rather than have us look to the meaningfulness of the review had, the petitioner asks us to announce a blanket rule that three hours can never be considered a meaningful opportunity to review and evaluate a presentencing report in preparation for rebuttal. see, e.g., Guglielmo v. State, 318 So.2d 526 (Fla. 1st DCA 1975) (day of trial not reasonable time prior to sentencing for material to be disclosed under Florida Rule of Criminal Procedure 3.713).
In determining whether the three-hour review was sufficient to ensure a meaningful response to the contents of the report, we must consider the circumstances of this particular case. In Gardner the defendant was never given an opportunity to review the contents of the confidential portion of the report and therefore, had no opportunity whatsoever to explain or deny its contents. In contrast, in the instant case, defense counsel was given three hours to review the report and prepare his response. A review of the record shows that none of the information contained in the report was a surprise to the defense. After the three-hour recess the only "problems" with the report noted by defense counsel were 1) that the author's recommendation went beyond that of the state, recommending death for all three counts of first-degree murder; and 2) that the report did not contain material in mitigation regarding the psychiatrist's opinion that the petitioner was suffering from post-traumatic stress syndrome as a result of his experience in Vietnam. After the three-hour recess, defense counsel did not request more time to prepare, but willingly proceeded to present his argument emphasizing the omitted matters. Under these circumstances, three hours was sufficient time to prepare a meaningful rebuttal to the contents of the report. Therefore, we conclude that this admittedly abbreviated review did not constitute fundamental error under Gardner; and accordingly, appellate counsel was not deficient for failing to raise this point on appeal.
As his final point, petitioner argues that appellate counsel was ineffective for failing to argue that the trial judge and prosecutor so trivialized the jury's advisory role in sentencing as to mandate vacation of his death sentence and remand for a new sentencing hearing before a jury. For this argument, Pope relies on a recent decision of the United States Supreme Court, Caldwell v. Mississippi, 472 U.S. 320, 105 S.Ct. 2633, 86 L.Ed.2d 231 (1985), in which the Court held that a death sentence is invalid when it rests on a determination made by a sentencing jury which was improperly led to believe that the responsibility for determining the appropriateness of the death sentence rests elsewhere. Id. at at 2639. In Caldwell the prosecutor impermissibly minimized the importance of the jury's role as sentencer, emphasizing to the jury that they should not feel ultimate responsibility for the defendant's death because imposition of the death penalty was "automatically reviewable" by the state supreme court. The Caldwell Court found this argument contrary to the defendant's eighth amendment right to a reliable determination of the appropriateness of his death. Id. at 2640. The Court reasoned: "In the capital sentencing context there are specific reasons to fear substantial unreliability as well as bias in favor of the death sentence when there are state-induced suggestions that the sentencing jury may shift its sense of responsibility to an appellate court." Id. (emphasis added). One of the Court's main concerns was that this "delegation of sentencing responsibility" to the appellate court would deprive the defendant of his right to a fair determination of the appropriateness of the death sentence because an appellate court is "wholly ill-suited" to make that initial determination. Id. As Justice O'Connor points out in her concurring opinion, the prosecutor's "misleading emphasis on appellate review misinformed *805 the jury concerning the finality of its decision," thereby creating an unacceptable risk that the death penalty may have been imposed arbitrarily or capriciously. Id. at 2647 (O'Connor, J., concurring).
Under Mississippi law it is the jury who makes the ultimate decision as to the appropriateness of the defendant's death. See Miss. Code Ann. § 99-19-101 (Supp. 1985). Whereas, in Florida it is the trial judge who is the ultimate "sentencer." See Thompson v. State, 456 So.2d 444 (Fla. 1984). The jury's recommendation, although an integral part of Florida's capital sentencing scheme, is merely advisory. See § 921.141(2), Fla. Stat. (1985). This scheme has been upheld against constitutional challenge. See Proffitt v. Florida, 428 U.S. 242, 96 S.Ct. 2960, 49 L.Ed.2d 913 (1976).
In the instant case, petitioner argues that repeated reference by the trial judge and prosecutor to the advisory nature of the jury's recommendation overly trivialized the jury's role and encouraged them to recommend death. We cannot agree. We find nothing erroneous about informing the jury of the limits of its sentencing responsibility, as long as the significance of its recommendation is adequately stressed. It would be unreasonable to prohibit the trial court or the state from attempting to relieve some of the anxiety felt by jurors impaneled in a first-degree murder trial. We perceive no eighth amendment requirement that a jury whose role is to advise the trial court on the appropriate sentence should be made to feel it bears the same degree of responsibility as that borne by a "true sentencing jury." Informing a jury of its advisory function does not unreasonably diminish the jury's sense of responsibility. Certainly the reliability of the jury's recommendation is in no way undermined by such non-misleading and accurate information. See Caldwell, 105 S.Ct. 2646 (O'Connor, J., concurring). Further, if such information should lead the jury to "shift its sense of responsibility" to the trial court, the trial court, unlike an appellate court, is well-suited to make the initial determination on the appropriateness of the death sentence.
Although the jury in this case was told a number of times throughout the trial that its role was only advisory and the trial judge had ultimate responsibility for the sentence imposed, the jury's role was adequately portrayed and they were in no way misled as to the importance of their role. In his final instructions to the jury, the trial judge stressed the significance of the jury's recommendation and the seriousness of the decision they were being asked to make. Therefore, the comments complained of did not deprive the petitioner of a fair determination of the appropriateness of his death. Since there is no merit to Pope's argument that the death sentence was imposed in a fundamentally unfair manner, appellate counsel was not ineffective for failing to raise this point on appeal. See Middleton v. State, 465 So.2d 1218, 1226 (Fla. 1985) (statements by trial court and prosecutor that jury's role in sentencing was advisory only with final decision resting with court are factually and legally correct; even if such comments were improper they must be objected to at trial as they are not so improper as to constitute fundamental error).
In conclusion, after a careful review of the record in light of each point raised in the petition for writ of habeas corpus, we conclude that the errors complained of, considered individually or collectively, were not fundamental in nature; and therefore, appellate counsel was not seriously deficient for failing to raise issues which he was otherwise procedurally barred from raising. Accordingly, since the petitioner has failed to demonstrate his entitlement to relief, the petition for writ of habeas corpus is denied.
It is so ordered.
McDONALD, C.J., and ADKINS, BOYD, OVERTON, SHAW and BARKETT, JJ., concur.
NOTES
[1] See, e.g., Pollard v. State, 444 So.2d 561 (Fla. 2d DCA 1984) (court may look to "cumulative effect" of nonobjected to errors in determining "whether substantial rights have been affected"); Peterson v. State, 376 So.2d 1230 (Fla. 4th DCA 1979), cert. denied, 386 So.2d 642 (Fla. 1980) (prejudicial comments, "taken as a whole," deprived defendant of fundamental right to a fair trial.)
[2] The comment "no one has a right to violate the rules we all share" was read as part of Florida Standard Jury Instruction 2.09. Taken in context, this statement was nothing more than an admonition to the jury to follow the instructions as given; the comment in no way could reasonably have been taken as a comment on the defendant's guilt.
[3] See, e.g., United States v. Pearson, 746 F.2d 787 (11th Cir.1984) (defendant's behavior off witness stand is not evidence subject to comment by prosecutor during closing argument); United States v. Wright, 489 F.2d 1181 (D.C. Cir.1973) (improper for prosecutor to comment on defendant's courtroom behavior off witness stand).
[4] ABA Standards for Criminal Justice 3-5.8 (2d.ed. 1980) provides in part:

(b) It is unprofessional conduct for the prosecutor to express his or her personal belief or opinion as to the truth or falsity of any testimony or evidence or the guilt of the defendant.
(c) The prosecutor should not use arguments calculated to inflame the passions or prejudices of the jury.
(d) The prosecutor should refrain from argument which would divert the jury from its duty to decide the case on the evidence ...
[5] See ABA Standards for Criminal Justice 3-5.8(d), supra note 4.
[6] § 921.141(5), Fla. Stat. (1981).