ZEHMER, Judge.
This is a petition for writ of habeas corpus in which the petitioner, Edward James Thomas, alleges ineffective assistance of counsel based on his appellate counsel’s failure to raise and brief these issues: (1) that the trial court committed fundamental error when it denied Thomas’ motion for mistrial on the ground the jury had seen Thomas in prison garb; (2) that the trial court committed fundamental error by having an extra-judicial conversation with a state witness and then failing to grant a mistrial; and (3) that the trial court committed fundamental error by refusing to instruct the jury on accomplice testimony and lesser included offenses of the crimes charged.
The standard of review in a case alleging ineffective assistance of appellate counsel is as follows:
A person convicted of a crime, whose conviction has been affirmed on appeal and who seeks relief from the conviction ... on the ground of ineffectiveness of counsel on appeal must show, first, that there were specific errors or omissions of such magnitude that it can be said that they deviated from the norm or fell outside the range of professionally acceptable performance; and second, that the failure or deficiency caused prejudicial impact on the appellant by compromising the appellate process to such a degree as to undermine confidence in the fairness and correctness of the outcome.
Johnson v. Wainwright, 463 So.2d 207, 209 (Fla.1985). After careful review of the record and petitioner’s arguments, we conclude that he has failed to carry his burden under this test.
Nothing in the transcript indicates the jury saw the petitioner in manacles and prison garb. The trial judge merely stated that the motion for mistrial was denied (R. 46). Appellate counsel could not raise an issue not reflected on the face of the record.
The record does, however, reflect that the trial judge conversed with a witness for the state before he was called to testify, and the petitioner was permitted to develop without apparent restriction whether he was prejudiced in any way by this *494 occurrence. But we find unpersuasive petitioner’s argument that the judge’s communication with the witness was per se reversible error based on Ivory v. State, 351 So.2d 26 (Fla.1977). Ivory is distinguishable because the judge’s communication in that case was with the jury outside the presence of the prosecutor, defense counsel, and defendant, which is a vastly different matter from the occurrence in this case. Here, the judge merely spoke to a witness as he passed him in the hall, and there is no indication that the jury observed this communication or that it affected the outcome of the trial. Therefore, appellate counsel did not deviate from professionally accepted standards by failing to raise this issue on appeal.
Finally, petitioner’s argument that appellate counsel failed to raise the trial court’s error in refusing to instruct the jury on the applicable law does not warrant relief because the error, if any, was not properly raised in the trial court and preserved for appellate review. Rule 3.600, Florida Rules of Criminal Procedure, states that a new trial shall be had if the defendant establishes that “the court ... refused to give a proper instruction requested by the defendant” and the refusal prejudiced the substantive rights of the defendant. The record fails to show that the trial court did not instruct the jury on the applicable law. It does not contain the requested jury instructions, and the instructions as given were not designated by trial counsel and transcribed as part of the record on appeal. There is no indication in the trial transcript before us that defense counsel objected to the instructions that were given. Nor does the motion for new trial allege what required jury instructions were not given. In short, the record wholly fails to contain any basis to support the claimed error, and appellate counsel’s performance cannot be considered substantially below the norm of professionally accepted behavior for failing to raise such issues. See rule 3.390(d), Florida Rules of Criminal Procedure.
The petition for a writ of habeas corpus is DENIED.
SMITH and SHIVERS, JJ„ concur.