PER CURIAM.
The December 28, 1990, opinion in the above captioned cause is hereby withdrawn and the following opinion substituted:
We review a petition for writ of habeas corpus filed by Jackson after this court per *162 curiam affirmed her conviction for trafficking in cocaine. Jackson v. State, 541 So.2d 1189 (Fla. 4th DCA 1989). Petitioner maintains that her appellate counsel’s representation was deficient, deviated from the norm, and fell below the range of professionally acceptable performance. We agree, grant the petition for writ of habeas corpus, and authorize a new appeal for petitioner.
Jackson and her codefendant, Nelson Scott, were convicted of trafficking in cocaine. Prior to trial, the court ruled that testimony or reference to a firearm found in the couple’s home was inadmissible. Despite this ruling, a witness for the state testified at trial concerning a weapon. Further, the trial court allowed the state to present evidence concerning a small quantity of marijuana found in a dresser.
Petitioner and her codefendant were found guilty, and each independently appealed their conviction. Although properly preserved for appeal, petitioner’s appellate counsel omitted to raise as error on appeal the admission of impermissible Williams rule evidence, in that evidence of the weapon and marijuana should have been excluded pursuant to Williams v. State, 110 So.2d 654 (Fla.), cert. denied, 361 U.S. 847, 80 S.Ct. 102, 4 L.Ed.2d 86 (1959). Appellate counsel for petitioner’s codefendant did argue on appeal that the lower court erred in admitting Williams rule evidence. This court found merit in that argument and reversed his conviction, remanding for a new trial. Scott v. State, 559 So.2d 269 (Fla. 4th DCA 1990).
In Johnson v. Wainwright, 463 So.2d 207 (Fla.1985), the Florida Supreme Court stated that a person seeking relief from a conviction affirmed on appeal, on the ground of ineffectiveness of appellate counsel, must show:
first, that there were specific errors or omissions of such magnitude that it can be said that they deviated from the norm or fell outside the range of professionally acceptable performance; and second, that the failure or deficiency caused prejudicial impact on the appellant by compromising the appellate process to such a degree as to undermine confidence in the fairness and correctness of the outcome under the governing standards of decision.
Id. at 209. An examination of the issues raised by petitioner in appealing her conviction, combined with the unusual opportunity to compare her appeal with that of her codefendant, leads us to conclude that the failure of petitioner’s appellate counsel to raise the issue of Williams rule evidence demonstrated a deviation from the norm for appellate attorneys which resulted in a prejudicial impact on petitioner.
Accordingly, we grant the petition for writ of habeas corpus and authorize a new appeal. Notice of appeal shall be filed in the trial court within thirty days of this opinion. Petitioner shall then serve the record on appeal within twenty days after filing her notice of appeal, and file an initial brief within twenty days thereafter. Subsequent briefing is to be in accordance with Florida Rule of Appellate Procedure 9.210(f).
DELL, POLEN and GARRETT, JJ., concur.