GREEN, Judge.
This is an original petition for writ of habeas corpus which we treat as a petition alleging ineffective assistance of appellate counsel pursuant to Florida Rule of Appellate Procedure 9.141(c). In the petition, Anthony Bell contends that his counsel was ineffective in the prior direct appeal to this court in which his conviction for armed robbery and the sentences imposed were affirmed. Bell v. State, 740 So.2d 536 (Fla. 2d DCA 1999) (table opinion). We deny the petition without prejudice to Bell’s right to apply for relief in the trial court with a motion to correct sentence under Florida Rule of Criminal Procedure 3.800(a).
We conclude that there is no merit to Bell’s first and second grounds for relief. Bell’s third claim, however, challenges his concurrent equal sentences as a prison releasee reoffender and a habitual felony offender. Such sentences are not authorized. Grant v. State, 770 So.2d 655, 659 (Fla.2000). Bell’s appellate counsel’s failure to anticipate the Florida Supreme Court’s ruling in Grant does not constitute an “omission of such magnitude” that it “deviated from the norm or fell outside the range of professionally acceptable performance.” Johnson v. Wainwright, 463 So.2d 207, 209 (Fla.1985). Bell’s remedy cannot be by way of an original petition pursuant to rule 9.141(c) on the theory that appellate counsel was ineffective, but instead must be by way of a motion to correct sentence under rule 3.800(a).
Petition denied without prejudice to Bell’s right to file a rule 3.800(a) motion in the trial court.
BLUE, A.C.J., and DAVIS, J, concur.