PER CURIAM.
Leon D. Hankins seeks another appeal, alleging ineffective assistance of appellate counsel for counsel’s failure to argue that Hankins’ convictions and sentences violate double jeopardy. See generally Fla. R. App. P. 9.141(d). In his previous appeal,[1] *668 we affirmed Hankins’ convictions of: attempted first-degree murder with a firearm (“Count 1”); burglary of a dwelling with an assault or battery while armed with a firearm (“Count 2”); arson of a dwelling (“Count 3”); aggravated battery with a firearm (“Count 4”); and aggravated assault with a firearm (“Count 5”). Hankins was sentenced to two terms of life imprisonment for Count 1 and Count 2. He received lesser sentences for the other convictions. For the reasons that follow, we grant Hankins’ request for a new appeal.
The evidence at trial showed that Han-kins set a fire outside of his ex-girlfriend’s house, injured the ex-girlfriend by firing shots through the front door of her house, entered the residence without permission by kicking in the front door, threatened the ex-girlfriend with a firearm while following her through the house, and struck the ex-girlfriend on her forehead with the firearm. Hankins claims that appellate counsel was ineffective for failing to challenge on direct appeal as fundamental error his multiple convictions for Counts 2, 4, and 5 (the armed burglary with an assault or battery, the aggravated battery, and the aggravated assault), which he asserts violate the constitutional prohibition against double jeopardy.
The Florida Supreme Court articulated the standard with which we evaluate the petition in the present case, as follows:
A person convicted of a crime, whose conviction has been affirmed on appeal and who seeks relief from the conviction or sentence on the ground of ineffectiveness of counsel on appeal must show, first, that there were specific errors or omissions of such magnitude that it can be said that they deviated from the norm or fell outside the range of professionally acceptable performance; and second, that the failure or deficiency caused prejudicial impact on the appellant by compromising the appellate process to such a degree as to undermine confidence in the fairness and correctness of the outcome under the governing standards of decision.
Johnson v. Wainwright, 463 So.2d 207, 209 (Fla.1985) (citing Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); Smith v. State, 457 So.2d 1380 (Fla.1984)). Prior appellate counsel’s failure to raise double jeopardy as an issue deviated from the norm. A double jeopardy violation is fundamental error and can be raised for the first time on appeal. Bell v. State, 114 So.3d 229 (Fla. 5th DCA 2013). When separate convictions are challenged on double jeopardy grounds, the essential elements of both statutory offenses are compared to determine if they are the same offense for double jeopardy purposes. This comparison test focuses on whether each separate statutory offense requires proof of an essential element that the other does not. See Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932). This test is only determinative if a single factual act supports both convictions.
In Estremera v. State, 107 So.3d 511, 512 (Fla. 5th DCA 2013), Estremera was convicted of burglary of a structure with an assault while armed with a firearm, robbery with a firearm, petit theft, and three counts of aggravated assault with a firearm. On appeal, we found that the dual convictions for burglary with an assault while armed with a firearm and aggravated assault with a firearm violated double jeopardy. Id. Relying on White v. State, 753 So.2d 668 (Fla. 1st DCA 2000), and the State’s concession of error, we stated that all of the elements of the crime of aggravated assault with a firearm are contained within the crime of burglary *669 with an assault while armed with a firearm. Estremera, 107 So.3d at 512. In Estremera, though, there were three victims and three separate counts of aggravated assault. Id. Therefore, we held that one of the aggravated assault convictions must be vacated as it was subsumed into the burglary with an assault while armed with a firearm conviction. Id. Because White was available at the time of the appeal in the present case, appellate counsel should have cited it and argued that one of Hankins’ convictions for either aggravated battery or aggravated assault should be reversed and the sentence on that conviction vacated.
Here, the State asserts that there were three separate factual acts which could support separate convictions for armed burglary with an assault or battery, aggravated assault with a firearm, and aggravated battery with a firearm. However, from our review of the record, it appears that the aggravated assault and aggravated battery offenses charged in Counts 4 and 5 were the only assault and battery offenses committed while the armed burglary was in progress. Although shots were fired by Hankins while he was outside the house before the burglary was committed, those shots formed the basis for the attempted first-degree murder with a firearm charge, which was alleged in Count 1.
Regarding the second prong, a double jeopardy violation is fundamental error, which is per se harmful and can be corrected without a showing of prejudice. Johnson v. State, 460 So.2d 954, 958 (Fla. 5th DCA 1984), approved, 483 So.2d 420 (Fla.1986). In response to the petition, the State argues that there is no prejudice from this double jeopardy violation because Hankins received life sentences for the attempted first-degree murder and armed burglary convictions. Appellate counsel should raise on appeal all double jeopardy violations that result in improper convictions, even if they do not result in a reduction of the overall sentence. The failure of appellate counsel to raise this double jeopardy issue undermines confidence in the correctness of the result on appeal. See Johnson v. Wainwright, 463 So.2d 207 (Fla.1985).
Because a double jeopardy analysis involves both a statutory analysis as well as a factual review of the record, we will allow Hankins another appeal, so this double jeopardy issue can be fully briefed by appellate counsel. We grant the petition and instruct the trial court to appoint, within thirty days from the issuance of the mandate, appellate counsel to file a brief limited to the double jeopardy issue outlined above. Within thirty days from the date of the appointment, appellate counsel shall file a new notice of appeal and reference this opinion in the notice of appeal.
PETITION GRANTED with Instructions.
PALMER, BERGER, and WALLIS, JJ., concur.

. Hankins v. State, 70 So.3d 601 (Fla. 5th DCA2011).