# Third District Court of Appeal

## State of Florida

Opinion filed September 24, 2025.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D25-0529
Lower Tribunal No. F19-22367

_____

**Aramis Gonzalez-Azcuy,**
Petitioner,

vs.

**State of Florida,**
Respondent.

A Case of Original Jurisdiction – Habeas Corpus.

Aramis Gonzalez-Azcuy, in proper person.

James Uthmeier, Attorney General, and Daniel Colmenares, Assistant Attorney General, for respondent.

Before LOBREE, BOKOR and GOODEN, JJ.

BOKOR, J.

Aramis Gonzalez-Azcuy seeks habeas relief based on ineffective assistance of appellate counsel in failing to appeal a purportedly defective verdict form. Gonzalez-Azcuy argues that appellate counsel was ineffective for failing to raise a defect in the verdict form, causing confusion as to whether the jury intended to convict him for attempted felony murder or aggravated battery. While we agree that the jury form could have been better drafted, counsel failed to raise a contemporaneous objection. And because the record reveals no possibility of juror confusion, there was no fundamental error. With no possibility of fundamental error, no relief lies against appellate counsel for ineffective assistance for failing to make a losing argument.

Appellate counsel is only defective when his or her omission of an issue on appeal falls below the range of professionally acceptable conduct. See Serrano v. State, 225 So. 3d 737, 757 (Fla. 2017) ("In order to grant habeas relief on ineffectiveness of appellate counsel, this Court must determine 'first, whether the alleged omissions are of such magnitude as to constitute a serious error or substantial deficiency falling measurably outside the range of professionally acceptable performance and, second, whether the deficiency in performance compromised the appellate process to such a degree as to undermine confidence in the correctness of the result.'" (quoting in part Pope v. Wainwright, 496 So. 2d 798, 800 (Fla. 1986))); Rutherford v.

2

<u>Moore</u>, 774 So. 2d 637, 644 (Fla. 2000) ("The failure to raise meritless claims does not render appellate counsel's performance ineffective."). As explained below, the jury instruction issue is a meritless claim.

Gonzalez-Azcuy misreads both the charging document and the verdict form (and the explanation of the form by the judge) and ignores the statutory construction of the charges. Section 782.051(1), Florida Statutes, sets forth that any person that attempts to perpetrate a felony enumerated by section 782.04(3), and commits a further intentional act that could but does not cause death, commits attempted felony murder. Robbery is enumerated in section 782.04(3)(d), Florida Statutes. And aggravated battery is an intentional act that could, but need not, cause death. § 784.045(1)(a), Fla. Stat. (defining aggravated battery as a battery wherein a person "[i]ntentionally or knowingly causes great bodily harm" or "[u]ses a deadly weapon").

So to properly convict Gonzalez-Azcuy of attempted felony murder, the State could prove that he robbed or attempted to rob the victim, and also committed an aggravated battery that did not cause death, by (1) intentionally causing great bodily harm, or (2) using a deadly weapon. The charging document laid the predicate for all these elements. Specifically, it alleged that during the commission of a robbery Gonzalez-Azcuy possessed

3

and used a hammer to hit his victim, causing great bodily harm. The deadly weapon was the hammer.

While the verdict form is not a model form, it contained all the necessary elements and was unobjected to at trial. The trial judge explained the elements of the crimes and read the standard jury instructions, also unobjected to at trial. Both the plain language of the jury form and the judge's explicit instructions make clear that if the jury found the defendant guilty of only aggravated battery as a lesser included offense, it would not have checked the box for attempted felony murder. The verdict form stated that the jury was to check only one of the following boxes under count one: "The Defendant is Guilty of Attempted Felony Murder with a Deadly Weapon or Aggravated Battery," "The Defendant is Guilty of Attempted Manslaughter by Act as a lesser included offense," "The Defendant is Guilty of Aggregated Battery as a lesser included offense," or "The Defendant is Not Guilty of Attempted Felony Murder with a Deadly Weapon or Aggravated Battery." The jury checked the first box, "The Defendant is Guilty of Attempted Felony Murder with a Deadly Weapon or Aggravated Battery."[1]

---

[1] The jury also checked "YES" next to both mandatory questions under that box: "1. Did the Defendant carry, use, display or threaten to use a deadly weapon during the commission of the crime?" and "2. Did the Defendant cause great bodily harm during the commission of the crime?"

4

Gonzalez-Azcuy contends that the jury could have been confused by the disjunctive "or" in "The Defendant is Guilty of Attempted Felony Murder with a Deadly Weapon or Aggravated Battery," and meant to convict him only of aggravated battery as a lesser included offense. But the verdict form and the jury instructions read by the judge belie any such confusion. See Tsuji v. Fleet, 366 So. 3d 1020, 1025 (Fla. 2023) ("[T]he meaning of a word cannot be determined in isolation, but must be drawn from the context in which it is used." (quotation omitted)). The jury did not check any other box or answer any other questions under count one, including, importantly, the box for "The Defendant is Guilty of Aggravated Battery as a lesser included offense."

Further, under count two, the jury checked the box "The Defendant is Guilty of Robbery" and answered the mandatory question under that box indicating that "the Defendant carr[ied], use[d], display[ed] or threaten[ed] to use . . . [a] Deadly Weapon." As explained above, the robbery was the predicate felony to the attempted felony murder. We decline to address whether, had there been a contemporaneous objection to the jury form, the trial judge would have abused its discretion in failing to modify the language and structure. But what is clear is there is no fundamental error here. See Husarek v. State, 413 So. 3d 1004, 1005 (Fla. 3d DCA 2025) (explaining that "jury instructions are subject to the contemporaneous objection rule. Absent

5

an objection at trial, an error may only be raised on appeal if it amounts to fundamental error"). Based on the charging documents, the evidence presented at trial, the judge's instructions, and the jury's clear elections on the verdict form, there was no confusion and no possibility of "error" that "reach[ed] down into the validity of the trial itself to the extent that a verdict of guilty could not have been obtained without the assistance of the alleged error." Brown v. State, 124 So. 2d 481, 484 (Fla. 1960). There was no basis for an appeal and therefore no basis to deem appellate counsel ineffective for failing to raise a losing issue. See Rutherford, 774 So. 2d at 644.

Petition denied.