# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D2025-1984
_____

CHRISTOPHER JONES,

    Petitioner,

    v.

STATE OF FLORIDA,

    Respondent.

_____

Petition Alleging Ineffective Assistance of Appellate Counsel—
Original Jurisdiction.

May 20, 2026

WINOKUR, J.

Christopher Jones files a petition alleging that appointed counsel in an appeal from his convictions and sentences was ineffective, under the provisions of Florida Rule of Appellate Procedure 9.141(d). We dismiss the petition.

In 2023, a court adjudicated and sentenced Jones for first-degree felony murder by distributing fentanyl, sale or delivery of fentanyl, and sale or delivery of methamphetamine. On direct appeal, Jones's appointed counsel filed an *"Anders* brief," indicating that the record disclosed no arguable issues, under the provisions of Florida Rule of Appellate Procedure 9.140(g)(2). This Court affirmed the judgment and sentence.

Jones alleges in this petition that appellate counsel was ineffective for failing to argue that he was not the actual distributor of the fentanyl, so he could not be guilty of felony murder. We rejected a claim made under similar circumstances in *Mack v. State*, 380 So. 3d 1248 (Fla. 1st DCA 2024), which addressed whether a petitioner could make a cognizable ineffective assistance of appellate counsel claim in a case where counsel filed an "*Anders* brief" on appeal. There we noted that "[t]here simply cannot be a cognizable claim for ineffective assistance of appellate counsel in this situation because the panel in the underlying appeal presumably conducted its own full and independent review of the record to discover any arguable issues apparent on the face of the record." *Id.* at 1248 (quotations omitted). "Under this mandated process [set forth in rule 9.140(g)(2)], an affirmance by the appellate court in essence is the court's determination that the appellant has received his constitutionally guaranteed right to effective assistance from [appellate] counsel." *Id.* at 1249. In this circumstance, a petition alleging ineffective assistance of appellate counsel constitutes an improper "second bite of that apple[.]" *Id.*

When appointed counsel and the appellate court have performed their duties under 9.140(g)(2), and the court issues an affirmance, it means that the record discloses no arguable issues for which the appellant would have a constitutional right to argument by appointed counsel. *See Anders v. California*, 386 U.S. 738, 743–44 (1967) (establishing a procedure, when appointed appellate counsel finds no arguable issue to raise, to ensure the State's obligation to "furnish petitioner with counsel acting in the role of an advocate"). An affirmance following the *Anders* process does not, however, necessarily mean that the court has affirmatively found that appellate counsel rendered "effective assistance," only that the appellant's right to appointed counsel has been honored despite the lack of argument. *See Penson v. Ohio*, 488 U.S. 75, 88 (1988) (noting that the *Anders* procedure is designed to ensure that an indigent appellant received his constitutionally required appointed counsel, not to determine whether appointed counsel rendered ineffective assistance). Nonetheless, the result is essentially the same: if the appellate court has already determined that its review of the record discloses no arguable issues, it is nearly impossible for the appellant to demonstrate in a petition alleging ineffective assistance of counsel

that there were "specific errors or omissions of such magnitude that it can be said that they deviated from the norm or fell outside the range of professionally acceptable performance[.]" *Johnson v. Wainwright*, 463 So. 2d 207, 209 (Fla. 1985). In that respect, we agree with *Mack* that a rule 9.141(d) petition is subject to dismissal in this situation.

DISMISSED.

ROWE and M.K. THOMAS, JJ., concur.

_____

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

_____


Christopher Jones, pro se, Petitioner.

James Uthmeier, Attorney General, Tallahassee, for Respondent.

3